593 So.2d 397 (1991)
Rodney A. REVERE
v.
Sheriff Ed LAYRISSON.
No. CA 91 1894.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
Rodney A. Revere, in pro. per.
Duncan Kemp, Dist. Atty., Tangipahoa Parish, Amite, for defendant-appellee.
Before SHORTESS, LANIER and CRAIN, JJ.
*398 LANIER, Judge.
This action is a suit by a prisoner against a sheriff seeking a writ of mandamus for the production of alleged public records. La.R.S. 44:1 et seq. The trial court "denied" the request. The prisoner took this devolutive appeal.[1]

PROCEDURAL FACTS
The appellant, Rodney A. Revere, was convicted in St. Tammany Parish of the second degree murder of his estranged wife, Jean Revere. The conviction has been affirmed. State v. Revere, 572 So.2d 117 (La.App. 1st Cir.1990), writ denied, 581 So.2d 703 (La.1991). On June 17, 1991, Revere filed this suit against the Sheriff of Tangipahoa Parish (Sheriff). In this suit he seeks production of the following documents and records:
The specific records request includes the following:
1. ANY RECORD of the St. Tammany Parish Sheriff's Office requesting assistance locating missing person and/or missing tires from May 17, 1987 to May 27, 1987.
2. ANY RECORD of police log, APB, or report publicizing the missing person and/or missing tires from May 17, 1987 to May 27, 1987.
3. ANY RECORD of Chester Pritchott from May 17, 1987 to May 27, 1987 with regard to missing person incident and/or missing tire discovery and followup.
4. ANY RECORD of Paul Pierre with regard to time frame of May 17, 1987 to May 27, 1987 on missing person incident and/or missing tires discovery and followup.
5. ANY RECORD of Dave Perkins with regard to time frame of May 17, 1987 to May 27, 1987 on missing person incident and/or missing tires discovery and followup.
Petitioner notes that the above requested information is with reference to missing person of Doris Jean Revere and an investigation of Rodney A. Revere.
Revere asserts these records "are for establishing BRADY evidence claims and perjury before the original trial court."
On July 17, 1991, the trial court judge rendered the following order:
This matter is before the Court on Application for Writ of Mandamus. A review of the pleadings indicate that the specific items being sought do not fall within the provisions of R.S. 44:3 A(4)(a) as constituting an initial offense report and, consequently, are not public records based on that statute. For these reasons:
IT IS ORDERED that the application be denied.
The record before us does not contain a minute entry for, or a transcript of, a hearing on Revere's petition.[2]

FAILURE TO HAVE HEARING ON MANDAMUS PROCEEDING FOR PRODUCTION OF PUBLIC RECORD

(Assignment of error 1)
Revere asserts the trial court erred by not complying with La.C.C.P. art. 963 and La.R.S. 44:1 et seq.
La. Const. of 1974, art. XII, § 3 provides as follows:
No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law.
*399 This constitutional provision is discussed in Title Research Corporation v. Rausch, 450 So.2d 933, 936 (La.1984) as follows:
The right of the public to have access to the public records is a fundamental right, and is guaranteed by the constitution. La. Const. art. 12, § 3. The provision of the constitution must be construed liberally in favor of free and unrestricted access to the records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise. Id. Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to see. To allow otherwise would be an improper and arbitrary restriction on the public's constitutional rights.
The legislature has provided for the examination of public documents in La.R.S. 44:1 et seq. The legislature has provided in La.R.S. 44:3 that certain records of prosecutive, investigative and law enforcement agencies are not subject to disclosure. Whether such a record is subject to disclosure must be determined at an adversary hearing on a case by case basis. Cormier v. Public Records Request of Di Giulio, 553 So.2d 806 (La.1989); Harrison v. Norris, 569 So.2d 585 (La.App. 2nd Cir.), writ denied, 571 So.2d 657 (La.1990); State v. Campbell, 566 So.2d 1038 (La.App. 3rd Cir.), writ denied, 567 So.2d 111 (La.1990); Bizal v. Connick, 489 So.2d 343 (La.App. 4th Cir.), writ denied, 491 So.2d 10 (La. 1986).
Pursuant to La.R.S. 44:31, "any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record." The duty of disclosure of the custodian of a public record is set forth in La.R.S. 44:32. La.R.S. 44:35(A), (B) and (C) provide as follows:
A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.
C. Any suit brought in any court of original jurisdiction to enforce the provisions of this Chapter shall be tried by preference and in a summary manner.

Any appellate courts to which the suit is brought shall place it on its preferential docket and shall hear it without delay, rendering a decision as soon as practicable. (Emphasis added.)
A mandamus is, among other things, a writ directing a public officer to perform a ministerial duty required by law. La. C.C.P. arts. 3861 and 3863. La.C.C.P. art. 3865 provides as follows:
Upon the filing of a petition for a writ of mandamus, the court shall order the issuance of an alternative writ directing the defendant to perform the act demanded or to show cause to the contrary.
La.C.C.P. art. 3866 provides as follows:
After the hearing, the court may render judgment making the writ peremptory. (Emphasis added)
After reviewing the foregoing authorities, we conclude the trial court erred by rendering a judgment without first conducting a contradictory hearing as required by law. Cf. State ex rel Guste v. Thompson, 532 So.2d 524 (La.App. 1st Cir.1988).
*400 This assignment of error has merit.[3]

DECREE
For the foregoing reasons, the judgment of the trial court is reversed, and this case is remanded to the trial court for compliance with La.R.S. 44:35 and La.C.C.P. art. 3861 et seq. The Sheriff is cast for the cost of this appeal of $112.50.
REVERSED AND REMANDED.
CRAIN, J., concurs.
NOTES
[1] Initially, the prisoner applied to this court for a supervisory writ. We denied the writ because the trial court "denial" of the prisoner's application was an appealable judgment, and we remanded the case to the trial court with instructions to grant the prisoner an expedited appeal. La.R.S. 44:35.
[2] On September 13, 1991, we ordered the Clerk of Court of Tangipahoa Parish to file two certified copies of the record with us by October 3, 1991. The Clerk has done so. These records contain no evidence to show that a hearing was held. However, in brief, Revere refers to a July 15, 1991 hearing. This court cannot consider facts referred to in brief that are not in the record on appeal. Tranum v. Hebert, 581 So.2d 1023 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991). The Sheriff has not filed a responsive brief herein even though he was ordered by us to do so.
[3] Because we find merit in assignment of error 1, it is unnecessary to address assignments of error 2 and 3.