614 So.2d 126 (1993)
Keith D. ELLIOTT
v.
Arnesta W. TAYLOR, Jr., Superintendent of Police.
No. 92-CA-1426.
Court of Appeal of Louisiana, Fourth Circuit.
January 29, 1993.
*127 Keith D. Elliott, in pro. per.
Reginald J. Laurent, Deputy City Atty., Brett J. Prendergast, Chief of Civ. Litigation, Kathy Torregano, Chief Deputy City Atty., William D. Aaron, Jr., City Atty., New Orleans, for appellee.
Before BARRY, BYRNES and WARD, JJ.
BYRNES, Judge.
Keith D. Elliott, proceeding in forma pauperis, appeals the civil district court's judgment denying his application for a writ of mandamus directing the Superintendent of Police to produce the arrest and booking records of Melanie Mueller.
After Elliott corresponded with the New Orleans Police Department from June 1991 to March 1992, the Police Department released an "Arrest Register-Fingerprints Copy" for Melanie Mueller, which the police identified as the arrest/booking record. Under LSA-C.Cr.P. art. 228 certain booking data includes the person's name, address, the offense charged, the arresting officer's name, property taken from the person and the date and time of booking. The record furnished to Elliott contained this information but other portions of the document were deleted or blocked out. According to LSA-R.S. 44:31 Elliott has a right to receive a copy of a public record and the custodian has the duty to provide the record pursuant to LSA-R.S. 44:32. Under Section 44:32(B) the custodian may separate the parts to be published; however, if the custodian determines that any part of the record is not public, Section *128 44:32(D) requires that the reasons for this determination must be provided in writing within three business days to the person requesting the record. Elliott claims that the custodian failed to provide that information. Elliott filed an application for writ of mandamus in civil district court to receive the remainder of the record or an explanation for the deletions. Elliott now appeals the denial of his application.
The issue on appeal is whether Elliott is entitled to the omitted information contained in the booking sheets of the arrest record of Melanie Mueller. The Police Department argues that Sergeant Krieder, the Commander of Records, determined that extraneous information contained in the booking sheets is not public record and the law does not mandate that these records be open for public inspection.
Louisiana R.S. 44:35(B) provides:
In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure.
The right of access to public records is fundamental. Article 12, Section 3 of the Louisiana Constitution of 1974 provides in pertinent part that: "No person shall be denied the right ... to examine public documents, except in cases established by law." Access to such records can be denied only when a law specifically provides otherwise. Whenever there is any doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to inspect. Title Research Corp. v. Rausch, 450 So.2d 933 (La.1984). Access to a public record can be denied only when the law specifically and unequivocally provides against access. Harrison v. Norris, 569 So.2d 585 (La.App. 2 Cir.1990), writ denied 571 So.2d 657 (La.1990). The Public Records Law has been liberally interpreted to enlarge rather than restrict the public's access to public records. Exemptions from disclosure should be narrowly construed because they are in derogation of the public's right to know how government affairs are conducted. Lewis v. Spurney, 456 So.2d 206 (La.App. 4 Cir.1984), writs denied 457 So.2d 1183 and 458 So.2d 488 (La.1984).
Requested records may be exempt from the public records doctrine under LSA-R.S. 44:3 because they are prosecutive, investigative, law enforcement, or communication district records. Louisiana R.S. 44:3(A)(4)(b) requires that the following information be included in an initial police report:
(i) A narrative description of the alleged offense;
(ii) The name and identification of each person charged with or arrested for the alleged offense;
(iii) The time and date of the alleged offense;
(iv) The location of the alleged offense;
(v) The property involved;
(vi) The vehicles involved;
(vii) The names of the investigating officers.
The initial police report does not merely refer to a document but to the information contained therein. State v. Campbell, 566 So.2d 1038 (La.App. 3 Cir.1990). The correspondence in this case indicates that the document was referred to as the arrest/booking record, field arrest report and initial police report.
The appellee incorrectly asserts that Superintendent Taylor was not required to put on a defense to Elliott's application for writ of mandamus. Under LSA-44:35, Section (B) provides:
B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance may be punished by contempt of court (emphasis added).
*129 The police custodian has the burden of proving that he lawfully withheld any information that is part of a requested public record.
Whether a prosecutive, investigative or law enforcement agency record is subject to disclosure must be determined on a case-by-case basis. Revere v. Layrisson, 593 So.2d 397 (La.App. 1 Cir.1991). The public record doctrine requires more than a judicial acceptance of an assertion of privilege by the prosecution; there must be an opportunity for cross-examination and presentation of evidence to contradict the claim of privilege. Cormier v. Public Records Request of DiGiulio, 553 So.2d 806 (La.1989).
The record shows that a contradictory hearing was scheduled in the present case for April 10, 1992. However, on that date the matter was continued indefinitely. The judgment of May 8, 1992 states: "After consideration of the record as a whole, the law, evidence and arguments of counsel, this Court is of the opinion that the Writ of Mandamus should be denied...." The record contains no evidence that a contradictory hearing was held or that Elliott was represented by counsel or properly served. The trial court erred in rendering a judgment without first conducting a contradictory hearing as required by law. Revere, id., 593 So.2d at 399.
The trial court must determine whether there is any merit to Elliott's claim for damages and civil penalties under the Public Records Act, LSA-R.S. 44:35, based on the contention that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request.
Accordingly, the judgment of the trial court is reversed, and the case is remanded to civil district court for compliance with LSA-R.S. 44:35 and LSA-C.C.P. art. 3861 et seq.
REVERSED AND REMANDED.