638 So.2d 1164 (1994)
L. Steve MARLER
v.
Walter P. REED, District Attorney, Parish of Washington, State of Louisiana.
No. 93 CA 1772.
Court of Appeal of Louisiana, First Circuit.
June 24, 1994.
*1165 L. Steve Marler, pro se.
William J. Burris, Washington Parish Dist. Atty., Franklinton, William R. Campbell, Jr., New Orleans, for defendant-appellee.
Before WATKINS, SHORTESS and FOGG, JJ.
WATKINS, Judge.
Plaintiff, L. Steve Marler, appeals a trial court judgment denying him access to medical records of the juvenile victim he was convicted of molesting in 1988;[1] he also challenges the court's refusal to award sanctions or attorney's fees for failure of the Washington Parish District Attorney's office to respond timely to his request for public documents.

FACTS
Plaintiff, Steve Marler, filed a motion for production of documents against the State of Louisiana on June 9, 1992. The trial court granted the request by order dated September 30, 1992. Thereafter, the plaintiff allegedly made a request to the Washington Parish District Attorney by letter dated September 30, 1992, pursuant to LSA-R.S. 44:3. The letter requested all public documents in the District Attorney's possession which contained information relating to plaintiff's arrest, prosecution, and conviction. The plaintiff allegedly received no response to the request and thereafter filed a motion against the Washington Parish District Attorney, on October 30, 1992, to inspect and copy. The trial court signed an order dated December 8, 1992, stating that the plaintiff was entitled to inspect and copy the District Attorney's file; however, plaintiff was required to pay for copies he previously received. Apparently the plaintiff received no response to the order, and he filed a writ of mandamus on March 24, 1993, requesting that the district court issue an order to the District Attorney directing him to produce and provide the petitioner with a complete copy of his criminal file as it relates to his conviction on November 14, 1988, and specifically any and all medical examinations and reports used in his conviction.[2] The plaintiff also filed a motion for sanctions and penalties pursuant to LSA-R.S. 44:35 and 44:37 for the District Attorney's intentional refusal to comply with his Title 44 requests and the previously issued court order. On April 27, 1993, the trial court ordered the District Attorney to provide the plaintiff with "any portion of the file not previously provided."[3] On May 4, 1993, the District Attorney for Washington Parish filed a motion and order requesting the payment of $14.00 in photocopying charges for the requested documents. The motion and order was signed on May 11, 1993. Before receiving a copy of the May 11th motion and order, the plaintiff filed a writ of mandamus in this court on May 13, 1993, asking this court to order the District Attorney to comply with his Title 44 request. After receiving the signed motion and order, plaintiff filed a motion to quash the motion and order in this court contending that the provisions of LSA-R.S. 44:1, et seq., specifically §§ 35 and 37, require the court to impose the prescribed sanctions and penalties requested by the moving party should the custodian not respond, in writing, within five working days of the request. The plaintiff's writ application *1166 was denied on June 4, 1993. At this point the record contains an application for writ of mandamus, motion for sanctions and penalties pursuant to LSA-R.S. 44:35 and 44:37, and a motion for declaratory relief, all dated June 15, 1993; however, the motions bear no court filing date. Thereafter, on June 17, 1993, the trial court signed an order denying plaintiff's request for writ of mandamus, sanctions, declaratory relief, and request for a rule to show cause. The court stated that the "record reflects that the D.A. has made the return."
Plaintiff appealed this judgment alleging that the trial court erred in refusing to require the production of the medical records concerning the examination of the molestation victim, and in refusing to grant the plaintiff sanctions and penalties for the District Attorney's refusal to respond to the plaintiff's Title 44 request within the statutory time limit.
The right of access to public records is a fundamental right guaranteed by the 1974 Constitution of Louisiana, Art. XII, § 3, which states in pertinent part that: "[n]o person shall be denied the right to ... examine public documents, except in cases established by law." Access to such records can be denied only when a law specifically provides otherwise. Whenever there is any doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to inspect. Title Research Corp. v. Rausch, 450 So.2d 933 (La.1984).
The legislature has provided for the examination of public documents in LSA-R.S. 44:1, et seq. However, LSA-R.S. 44:3 provides that certain records of prosecutive, investigative, and law enforcement agencies are not subject to disclosure. Whether such a record is subject to disclosure must be determined at an adversary hearing on a case by case basis. Revere v. Layrisson, 593 So.2d 397 (La.App. 1 Cir.1991).
LSA-R.S. 44:31 provides that "any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record." The duty of disclosure of the custodian of a public record is set forth in LSA-R.S. 44:32. If the custodian of the requested record is uncertain as to whether the record is a public record, LSA-R.S. 44:32 D provides, "such custodian shall within three days, ... of the receipt of the request, in writing for such record, notify in writing the person making such request of his determination and the reasons therefor." LSA-R.S. 44:33B(1) further provides that if the record is not immediately available because of its being in active use at the time of the application, "the custodian shall promptly certify this in writing to the applicant, and in his certificate shall fix a day and hour within three days, ... for the exercise of the right granted by this Chapter." If the public record applied for is not in the custody or control of the person to whom the application is made, LSA-R.S. 44:34 provides, "such person shall promptly certify this in writing to the applicant, and shall in the certificate state in detail to the best of his knowledge and belief, the reason for the absence of the record from his custody or control, its location, what person then has custody of the record.... He shall include in the certificate ample and detailed answers to inquiries of the applicant which may facilitate the exercise of the right granted by this Chapter."
The enforcement provisions of the Public Records Act are provided for in LSA-R.S. 44:35 as follows:
A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, ... from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. *1167 The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.
C. Any suit brought in any court of original jurisdiction to enforce the provisions of this Chapter shall be tried by preference and in a summary manner. Any appellate courts to which the suit is brought shall place it on its preferential docket and shall hear it without delay, rendering a decision as soon as practicable.
D. If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.
E.(1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.
(2) The custodian shall be personally liable for the payment of any such damages, and shall be liable in solido with the public body for the payment of the requester's attorney's fees and other costs of litigation, except where the custodian has withheld or denied production of the requested record or records on advice of the legal counsel representing the public body in which the office of such custodian is located, and in the event the custodian retains private legal counsel for his defense or for bringing suit against the requester in connection with the request for records, the court may award attorneys' fees to the custodian.
It is clear that the plaintiff was entitled to production of public documents concerning his conviction which were not exempted by some other provision of law, and that the custodian of those records was required to respond timely to the request in accordance with statutory mandate, or expose himself to potential liability for damages, penalties and attorney's fees. Furthermore, when a petition for a writ of mandamus is filed, LSA-C.C.P. art. 3865 provides that "the court shall order the issuance of an alternative writ directing the defendant to perform the act demanded or to show cause to the contrary." "After the hearing, the court may render judgment making the writ peremptory." LSA-C.C.P. art. 3866.
It appears to us that the Public Records Act and the Code of Civil Procedure articles governing mandamus envision a contradictory hearing in these matters.
The determination of whether the requested documents are public records in the possession of the District Attorney and the determination of whether the District Attorney responded to the request in a timely manner are issues which require evidentiary proof at a contradictory hearing. See Elliott v. Taylor, 614 So.2d 126 (La.App. 4th Cir.1993); Kempf v. Cummings, 610 So.2d 137 (La.App. 3d Cir.1992); Revere v. Layrisson, 593 So.2d 397 (La.App. 1st Cir.1991). Accordingly, we believe the trial court erred in denying plaintiff's claims without first conducting a contradictory hearing as required by law. Consequently we must remand this matter to the trial court for a contradictory hearing.[4]
*1168 Accordingly, we reverse and remand for further proceedings consistent with this opinion. Costs of appeal will be assessed on final disposition of this matter.
REVERSED AND REMANDED.
NOTES
[1] The transcript of the criminal proceedings for the molestation charges contains testimony by the victim and the victim's mother that the victim was seen by a doctor several days after the molestation occurred. The doctor was not called to testify, and no mention was made of any report or findings made by the doctor.
[2] Before filing his request for writ of mandamus in the trial court, the plaintiff sought a writ of mandamus from this court in December, 1992. The writ was denied on January 3, 1993, stating that the "[r]elator should follow the procedures of La.R.S. 44:35 in complaining of a trial court's ruling or failure to rule on a request for documents filed under the Public Records Act."
[3] Prior to the signing of his motion, the plaintiff again requested compliance with his Title 44 request by letter dated February 20, 1993, addressed to the Assistant District Attorney for Washington Parish, Mr. William J. Burris.
[4] In his brief to this court, the District Attorney contends that he is not in possession of any documents relating to the alleged medical examination of the victim; however, we have nothing in the record of this matter establishing this fact.

We note the decision of Revere v. Taylor, 613 So.2d 738 (La.App. 4th Cir.), writ denied, 615 So.2d 332 (La.1993), which held that no contradictory hearing was necessary when the document request did not describe a specific public record in the control of the custodian. In that case the court concluded it would be a vain and useless waste of the trial court's time to order a contradictory hearing for the custodian to show cause why he was refusing to produce records that he did not possess. Although it is suspect that the requested medical information in this case is a public record within the purview of the Public Records Act, the instant case is distinguishable from Revere because it appears that the District Attorney failed to respond timely to the plaintiff's request for other documents which are public records. The District Attorney's refusal to respond in any manner to the request appears to be contrary to the provisions of the Public Records Act.