[2FOGG, Judge.
This is a public records suit whereby Frank Granger, III, the Assessor of East Baton Rouge Parish, seeks to enjoin Elmer B. Litchfield, the Sheriff of East Baton Rouge Parish, from providing a copy of the computerized tax rolls for East Baton Rouge Parish to any requestor.
By letters dated July 8, 1993 and sent to the Assessor and the Sheriff, the Baton Rouge Board of Realtors requested a copy of the real property assessment roll magnetic computer tape or disk for East Baton Rouge Parish, together with the corresponding hard copy of the file layout form (“records layout”). The Assessor indicated the charge for the copy would be approximately $90,000, a sum which included cost incurred by the Assessor in creating the file. The Sheriff agreed to provide a copy for a fee equal to the actual cost of reproduction, estimated at $3,000 to $4,000.
The Assessor then filed the instant suit for injunctive relief, seeking to have the Sheriff restrained from providing copies of the computerized tax roll data to the Baton Rouge Board of Realtors or any other person or entity. Therein, the Assessor alleged that his office was the owner of the information and entitled to collect a copying fee commensurate with the expense of generating the information. The trial court issued an ex parte temporary restraining order on August 11, 1993 prohibiting the Sheriff from releasing, in response to a public records request, copies of the computerized East Baton Rouge Parish tax rolls to the Baton Rouge Board of Realtors. The Louisiana Assessors Association, Inc. (LAAI) intervened, supporting the Assessor’s position. The Baton Rouge Board of Realtors and its Executive Vice President, Herbert J. Gomez, (hereinaf *1264 ter collectively “the Board of Realtors”) intervened, seeking to have the Assessor enjoined from preventing the Sheriff from releasing the information. Alternatively, the Board of Realtors sought a writ of mandamus ordering the Assessor or the Sheriff to produce the records upon |3payment of costs reasonably approximating the actual cost of reproduction.
After hearing the matter, the trial court dissolved the previously issued temporary restraining order and denied the injunctive relief sought by the Assessor. The trial court further concluded that both the Assessor and the Sheriff were “custodians” under La.R.S. 44:1A(3) and consequently ordered that “upon payment of ‘reasonable fees for making copies’ ” either should “produce without delay to Baton Rouge Board of Realtors ... the computerized 1992 real property assessment roll for East Baton Rouge Parish (on computer tape or cartridge) together with the corresponding hard copy file layout form (records layouts).” The trial court further stated that the reasonable fee “which the custodian of these public records may require in advance as a condition for making the computerized copies shall cover only the actual costs of reproducing the information, it does not include the original cost of generation and is not an estimate of the actual value of the information. Said fee in this case shall equal five cents per assessment.” Finally, the trial court denied the Board of Realtors’ request for attorney’s fees and damages.
The Board of Realtors appealed that judgment, contesting the setting of the reasonable fee at five cents per assessment and the denial of its request for attorney’s fees pursuant to La.R.S. 44:35(D). The Assessor answered the appeal. In the “Answer to Appeal”, which the Assessor filed in the district court, he asserted that “the judgment should be modified to the extent that it fails to recognize Granger as the custodian of the computer materials, and to the extent that it fails to assess the cost as required by law the same [sic] as that charged to the municipalities for the publishing of their tax rolls.” Both of these issues were strenuously argued before this court by counsel for the Assessor; however, the Assessor’s brief addresses only the issue of what constitutes a reasonable fee. We have thoroughly |4considered both allegations of the Assessor and find both are meritless.[1]
On appeal, the Board of Realtors contends the trial court erred in setting the amount for reproduction costs at five cents per assessment. La.R.S. 44:32C(l)(a) provides:
For all public records, except public records of state agencies, it shall be the duty of the custodian of such public records to provide copies to persons so requesting. The custodian may establish and collect reasonable fees for making copies of public records. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state.
The statute clearly limits the fee which a custodian may collect for providing copies of public records to a reasonable fee for making the copies. This fee does not include the original cost of generation of the information or the actual value of the information. It does include, at a minimum, the actual costs for making the copies. The trial court determined that a reasonable fee for copying the computerized tax rolls on computer tape or cartridge is five cents per assessment. However, the only evidence before the trial court concerning the actual cost to reproduce the data was the testimony of Chester Diez, Jr., the Sheriffs outside computer vendor, who stated that the cost was between $3,000 and $4,000, a figure which is considerably less than five cents per assessment. Various public officials, including the Registrar of Voters for the Parish of East Baton Rouge, testified as to them costs for copying public documents, and their opinions as to the value of the information and what constitutes a reasonable fee. Such evidence has no bearing on a determination of the particular costs incurred by the Assessor or Sheriff of East Baton Rouge Parish for providing copies of them public records. The *1265 circumstances differ from one public office to another; the question of what constitutes a reasonable fee turns on the facts and circumstances of each individual request. Therefore, the trial |5court manifestly erred in setting a figure of five cents per assessment as the cost of copying the computerized tax rolls.
Furthermore, Mr. Diez’ testimony only provides a broad range within which the costs would fall. Such evidence is insufficient to make a factual determination of a reasonable fee to copy the data as required by the statute. At best it could form the basis from which a guess as to a reasonable fee for copying could be made. We find that the Board of Realtors has not earned its burden of presenting sufficient evidence upon which a trier of fact could make a determination of a reasonable fee.
Finally, we conclude that the Board of Realtors is not entitled to attorney’s fees which it seeks under La.R.S. 44:35(D). This statute provides that a prevailing party in an action to obtain public records is entitled to reasonable attorney’s fees, but further provides that where a party only prevails in part, the award of attorney’s fees is discretionary with the court. In its petition, the Board of Realtors prayed that the court enjoin the Assessor from “the withholding of the requested records provided payment be made of costs reasonably approximating the actual cost of reproduction, estimated to be between $3,000 and $4,000, or, alternatively, that a Writ of Mandamus be issued ordering-immediate production (by plaintiff or defendant) of said records upon payment of costs reasonably approximating the actual cost of reproduction, estimated to be between $3,000 to $4,000.” The Board of Realtors prevailed in its efforts to obtain copies of the data at a cost “reasonably approximating the actual cost of reproduction”; however, for the reasons previously discussed, the evidence before the court is insufficient to set the fee. Therefore, as in the trial court’s judgment, our judgment will not grant the Board of Realtors all relief sought. We find no abuse of discretion in the trial court’s decision not to award attorney’s fees in this case.
For the foregoing reasons, the judgment of the trial court is reversed with respect to defining the parameters of “a reasonable fee for making copies” and the setting of a reasonable fee at five cents per assessment. In all other respects, the judgment is |6affirmed. Costs of this appeal are assessed against the Assessor in the amount of $897.15.
REVERSED IN PART; AFFIRMED IN PART.
LOTTINGER, C.J., concurs and will assign written reasons.

. Although we have chosen to address both arguments asserted by the Assessor, we note that, argument or no argument, in accordance with Rule 2-12.4 of the Uniform Rules of the Courts of Appeal, we may consider any assignment of error not briefed to be abandoned.