Dear Ms. Hardin:
I am in receipt of your opinion request wherein you request an opinion from this office as to whether the addresses of the grand jurors are public information pursuant to the Public Records law. The law regulating public records is found in the Louisiana Constitution of 1974, Article XII, Section 3 and Title 44 of the Louisiana Revised Statutes. Article XII, Section 3 of the Louisiana Constitution states:
 No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law.
LSA-R.S. 44:1 states the following as to what constitutes a "public record". It states:
 (2) All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution of the laws of this state, are "public records," except as otherwise provided in this Chapter or as otherwise specifically provided by law.
The issue presented in this opinion request has not previously been addressed statutorily or jurisprudentially. Therefore, a review of any applicable statutes is appropriate to make a determination as to whether the grand jurors' addresses are a public record. La. C.Cr.P. Art 434(A) states the following in reference to the secrecy of grand jury proceedings.
 Members of the grand jury, all other persons present at a grand jury meeting, and all persons having confidential access to information concerning grand jury proceedings, shall keep secret the testimony of witnesses and all other matters occurring at, or directly connected with, a meeting of the grand jury. However, after the indictment, such persons may reveal statutory irregularities in grand jury proceedings to defense counsel, the attorney general, the district attorney, or the court, and may testify concerning them. Such persons may disclose testimony given before the grand jury, at anytime when permitted by the court, to show that a witness committed perjury in his testimony before the grand jury. A witness may discuss his testimony given before the grand jury with counsel for a person under investigation or indicted, with the attorney general or the district attorney, or with the court.
The jurisprudence that interprets the parameters of the secrecy of grand jury proceedings appears to extend only to the names, addresses and testimony of the witnesses that appear before the grand jury and the transcript of grand jury proceedings. (SeeState v. Gray, 351 So.2d 448 (La. 1997) and State v. Evans,512 So.2d 615 (2nd Cir. 1987) respectively. In some instances, disclosure of grand jury proceedings is permitted. However, there is no jurisprudence that addresses the issue of whether the addresses of grand jurors is included in the parameters of the secrecy of grand jury proceedings.
La C.Cr.P. Article 411 states the following in reference to the drawing of the grand jury venire and the return on the subpoenas directed to the persons on the grand jury venire:
 (3) The return, with the attached return receipt of delivery, when received by the clerk, shall form part of the record and shall be considered prima facie correct and shall constitute sufficient basis for an action to cite persons for contempt for failure to appear in response thereto. (Emphasis added)
From reading this article, it is evident that the addresses of the prospective jurors would be included on the return receipt of delivery which would be considered a public record.
LSA-R.S. 44:32(A) of the Public Records Act provides the following in reference to who is entitled to examine or copy a public record:
 A. The custodian shall present any public record to any person of the age of majority who so requests. The custodian shall make no inquiry of any person who applies for a public record, except an inquiry as to the age and identification of the person and may require the person to sign a register and shall not review, examine or scrutinize any copy, photograph, or memoranda in the possession of any such person; and shall extend to the person all reasonable comfort and facility for the full exercise of the right granted by this Chapter; provided that nothing herein contained shall prevent the custodian from maintaining such vigilance as is required to prevent the alteration of any record while it is being examined; and provided further, that examinations of records under the authority of this Section must be conducted during regular office or working hours, unless the custodian shall authorize examination of records in other than regular office or working hours. In this event the persons designated to represent the custodian during such examination shall be entitled to reasonable compensation to be paid to them by the public body having custody of such record, out of funds provided in advance by the person examining such record in other than regular office or working hours.
Even if the public records request appears to be unreasonably burdensome, the records must still be provided. LSA-R.S.44:32A(2) addresses a public records request that appears to be over burdensome. It states:
 If, however, segregating the record would be unreasonably burdensome or expensive, or if the record requested is maintained in a fashion that makes it readily identifiable and renders further segregation unnecessary, the official shall so state in writing and shall state the location of the requested record.
As discussed in Attorney General Opinion 93-482, the Public Records Law gives any person the right to request access to any public record. The Public Records Law contains no limitation on the number or size of the requests which may be made by a person. It only contains the provision in LSA-R.S. 44:32A(2) which allows a custodian to notify a requestor in writing if segregating the record would place an undue burden on the requestor and allowing the requestor to state the location of the requested record for the requestor to examine the record or make copies.
As addressed in Revere v. Layrisson 593 So.2d 397 (La. 1991), Article XII, Section 3 of the Louisiana Constitution must be construed liberally in favor of free and unrestricted access to public records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise.
The public records law as provided for in Title 44:1 of the Louisiana Revised Statutes must be liberally interpreted to enlarge, rather than restrict the public's access to public records. The exemptions from disclosure should be narrowly construed as being in derogation of the public's right to know how government affairs are conducted. Treadway v. Jones,583 So.2d 119, (4th Cir. 1991).
In conclusion, since C.Cr.P. Art 411 provides that the return of service of the prospective grand jurors, which includes their addresses, shall be made a part of the record, the addresses of the prospective grand jurors are a matter of public record. Since there is no provision in Title 44 that exempts the addresses from being disclosed, they are required to be provided to an individual making a public records request. However, please note that what constitutes a public record in this situation includes all prospective grand jurors. It is not limited to the grand jurors who actually serve.
I hope this opinion has sufficiently addressed your concerns. If I may be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________ BETH CONRAD LANGSTON Assistant Attorney General