664 So.2d 122 (1995)
Keith David ELLIOTT
v.
DISTRICT ATTORNEY OF BATON ROUGE.
No. 94 CA 1804.
Court of Appeal of Louisiana, First Circuit.
September 14, 1995.
*123 Nicholas J. Trenticosta, New Orleans, for Appellant, Keith D. Elliott.
Gwendolyn K. Brown, Baton Rouge, for Appellee, East Baton Rouge Parish District Attorney.
Before LOTTINGER, C.J., and GONZALES, PARRO, FITZSIMMONS and CRAIN[1], JJ.
GONZALES, Judge.
This is an appeal by plaintiff, Keith Elliott ("Elliott"), from a judgment sustaining an exception raising the objection of no cause of action filed by the District Attorney of East Baton Rouge Parish ("District Attorney"), and dismissing plaintiff's petition for writ of mandamus and civil penalties.
Elliott, an inmate at the Louisiana State Penitentiary, requested that the District Attorney provide copies of the files relating to his criminal prosecution. This written request was made on March 28, 1991. The District Attorney's office responded by letter dated April 4, 1991, that all public records could be viewed during office hours and copies could be made at a charge of twenty-five cents per page, prepaid. Elliott alleges that he agreed to furnish the costs of the copies in advance and requested that he be advised of the amount due. The District Attorney's office responded by letter dated April 15, 1991, that records are open to public view, but that they did not have sufficient staff to research, copy, and bill. It was suggested that Elliott send a representative to make the request in person. Elliott was informed that the District Attorney's office would not respond to any additional requests by mail.
Elliott then filed his petition for a writ of mandamus asking that his suit be tried by preference as required by La.R.S. 44:35(C).[2] The District Attorney filed a "Motion to Dismiss the Petition For Writ of Mandamus" and requested that all relief sought by Elliott be denied. In his brief in support of the motion to dismiss, the District Attorney properly recognized that his motion to dismiss was in fact an exception raising the objection of no cause of action.
Elliott argued that his right of access to public records is a fundamental right as recognized by the Louisiana Constitution. Furthermore, the Public Records Act, specifically La.R.S. 44:31-44:35, provides that one can obtain a reproduction of any public record from the custodian and that such right is not restricted to those who make such a request in person. He further argued that a mail-in request is acceptable.
*124 The District Attorney contended that there was no legal basis for Elliott's demands because the Public Records Act does not require the custodian to photocopy or mail copies of requested public records. In briefing the matter, the District Attorney asked that the motion to dismiss be treated as an exception of no cause of action and further defined his position. The District Attorney argued that the public has a right to examine public records either in person or by a representative, at which time a request can be made for copies, but the public does not have the right to request copies of public records by mail, to have copies mailed to them, or to have a custodian make copies for them, citing as authority La.R.S. 44:32. The District Attorney conceded that the records requested by Elliott are, in this instance, public records subject to examination.
Three years after suit was filed and one year after the matter was argued, the state district court ordered the dismissal of Elliott's petition finding that he failed to allege that a proper request was made, noting that La.R.S. 44:32 requires that a request for examination and copies be made in person. This appeal follows. We reverse and remand with an order.

ANALYSIS
Access to public records is a fundamental right guaranteed by the constitution. La. Const. art. XII, § 3.[3] This provision must be interpreted liberally so that access is free and unrestricted. Access can only be denied by a law which is specific and unequivocal. Any doubt concerning the public's right of access to certain records must be resolved in favor of the public's right to see. Title Research Corporation v. Rausch, 450 So.2d 933, 936 (La.1984).
Louisiana Revised Statute 44:31 states that "any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record." Louisiana Revised Statutes 44:32 and 44:33 contain provisions defining the duty of the custodian, inter alia, to present records for examination, to provide copies, to collect reasonable fees for making copies, to determine and separate material which is not a public record, to give written notification of the custodian's determination that requested material is not a public record, and to give written notification of the location or unavailability of the public record.
The clear intent of the Legislature to afford as unrestricted access as possible to public records is expressed in La.R.S. 44:32(A) which states in pertinent part, "The custodian shall present any public record to any person of the age of majority who so requests." (Emphasis added.)
Most important to the matter at hand is the explanation given by the Louisiana Supreme Court of La.R.S. 44:31:
R.S. 44:31 gives to "any person of the age of majority" the right to choose from four options: he may inspect the records; he may copy the records; he may reproduce the records; or he may obtain, from the custodian, a reproduction of the records. The statute is clear and unambiguous in its grant of these alternate rights, and it also is clear that the choice of which optional right to exercise rests with the one requesting the records and not with the custodian. (Emphasis added.) (Footnotes omitted.)
Title Research, 450 So.2d at 937.
We are not at liberty to overrule this expansive interpretation of the statute by our highest court. Although the Legislature may not have intended these statutes to apply under the facts of this case, legislation would be required to overrule the supreme court's interpretation of La.R.S. 44:31.[4]
*125 The District Attorney argues that the right of access is limited to an in-person examination and an in-person request for copies. To support his position that the statutory provisions only envision personal view and request for copies, he relies on terms found in La.R.S. 44:31-44:33 such as "examination," "view," and "present," and the fact that the requester may be required to sign a register. The District Attorney further argues that he is under no obligation to make copies but is only required to provide facilities for the individual to make copies of the record.
In view of the supreme court's interpretation of the statute defining the right to examine public records as giving four options to persons requesting public records, three of which can only be exercised by in-person activity in the custodian's office, it is not surprising that much of the language in the statutory provisions address the issue of in-person inspection. We agree with the District Attorney that Elliott, by his own action of being convicted of a crime resulting in incarceration, has temporarily forfeited his liberty and is therefore foreclosed from exercising any of the options requiring a personal appearance at the office of the custodian.
However, the rights which must be exercised in person are not the only rights recognized in La.R.S. 44:31. It is erroneous to conclude that the right to obtain reproductions by mail-in request does not exist, simply because language regarding rights which contemplate the requester's presence is found in the relevant statutes. Louisiana Revised Statute 44:31 specifically provides the right of one to obtain a reproduction of any public record. This option is separate from the right to copy or reproduce. Furthermore, La.R.S. 44:32(C) requires that the custodian of such records provide copies to persons so requesting. The argument that an individual may only copy or reproduce, but not have the custodian reproduce records for him is without merit.
The method of requesting is not specifically set out; however, there is nothing in La. R.S. 44:31-44:33 which specifically and unequivocally denies or restricts the right to request copies of public records by use of the mail. As previously stated, the right of access to the public records is guaranteed by the constitution which must be construed liberally in favor of free and unrestricted access. Access can be denied only when a law, specifically and unequivocally, provides otherwise. Title Research, 450 So.2d at 936.
There is no such law restricting or limiting the definition of the constitutional right to examine to mean only personal inspection. Moreover, La.R.S. 44:31 specifically broadens the right to examine to include copying, reproducing, and obtaining a reproduction. We find that mail-in requests for copies are a permissible exercise of one's right of access to the public records.[5]
The District Attorney in brief and oral argument suggests that responding to mail-in requests such as Elliott's would be burdensome because the volume of cases handled by his office would cause a time-consuming search for the records and further time required to determine whether portions of a record are nonpublic and then to segregate those portions. There are no facts in this record to substantiate this argument. Elliott is requesting only records of his prosecution. Furthermore, La.R.S. 44:32(B) recognizes *126 that portions of the requested material may be nonpublic records and allows the custodian the option to separate that portion from the requested material. Simply because material requested may contain nonpublic records is not a reason for restricting access.
The examination of records or requests for reproduction cannot be so burdensome as to interfere with the operation of the custodian's constitutional and legal duties. This is implicit in La.R.S. 44:32(A) and 44:33(A). Nevertheless, any restriction or limitation imposed by the custodian places the burden on the custodian to justify the restriction or limitation. La.R.S. 44:35(B).[6]Title Research, 450 So.2d at 937-938.
The District Attorney argues that many people have requested records in the past and many more may ask in the future. The existence of past and possible future requests is not a proper means by which to evaluate whether the particular request at issue is overburdensome. Each request must be weighed individually and the cumulative effect of other requests cannot be considered in determining the burdensomeness of Mr. Elliott's request.

DECREE
Accordingly, the judgment of the trial court is REVERSED[7] and the matter is REMANDED to the trial court for the issuance *127 of an alternative writ directing the district attorney to advise plaintiff of the fees for copying and mailing the requested public records and, upon payment, to make and mail the copies to plaintiff or to show cause to the contrary. La.C.C.P. art. 3865. Furthermore, in light of the requirement for expeditious action found in La.R.S. 44:35(C)[8], it is ordered that the hearing on this matter be held within thirty days of the mailing of the opinion and notice of judgment. Costs are assessed one half against appellant and one half against appellee.
REVERSED AND REMANDED WITH ORDER.
PARRO, J., dissents.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Louisiana Revised Statute 44:35(C) states:

Any suit brought in any court of original jurisdiction to enforce the provisions of this Chapter shall be tried by preference and in a summary manner. Any appellate courts to which the suit is brought shall place it on its preferential docket and shall hear it without delay, rendering a decision as soon as practicable.
[3] Louisiana Constitution article XII, section 3 states:

No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law.
[4] The Louisiana Legislature has recently enacted La.R.S. 44:31.1 to narrow the definition of "person" for purposes of the Public Records Act. 1995 H.B. 32. The new statute reads:

For the purposes of this Chapter, person does not include an individual in custody after sentencing following a felony conviction who has exhausted his appellate remedies when the request for public records is not limited to grounds upon which the individual could file for post-conviction relief under Code of Criminal Procedure Article 930.3. Notwithstanding the provisions contained in R.S. 44:32, the custodian may make an inquiry of any individual who applies for a public record to determine if such individual is in custody after sentence following a felony conviction who has exhausted his appellate remedies and the custodian may make any inquiry necessary to determine if the request of any such individual in custody for a felony conviction is limited to grounds upon which such individual may file for post-conviction relief under Code of Criminal Procedure Article 930.3.
[5] We note that several cases of our state which address access to the public records contain the fact that a request for copies was made by mail. In none of these cases was an objection raised concerning the method of the request. See Granger v. Litchfield, 94-0114 (La.App. 1st Cir. 11/10/94), 645 So.2d 1262; Marler v. Reed, 93-1772 (La.App. 1st Cir. 6/24/94), 638 So.2d 1164; Elliott v. Taylor, 614 So.2d 126 (La.App. 4th Cir.1993); Association for Rights of Citizens, Inc. v. Parish of St. Bernard, 557 So.2d 714 (La.App. 4th Cir.1990).
[6] Louisiana Revised Statute 44:35 reads:

A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.
C. Any suit brought in any court of original jurisdiction to enforce the provisions of this Chapter shall be tried by preference and in a summary manner. Any appellate courts to which the suit is brought shall place it on its preferential docket and shall hear it without delay, rendering a decision as soon as practicable.
D. If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.
E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.
(2) The custodian shall be personally liable for the payment of any such damages, and shall be liable in solido with the public body for the payment of the requester's attorney's fees and other costs of litigation, except where the custodian has withheld or denied production of the requested record or records on advice of the legal counsel representing the public body in which the office of such custodian is located, and in the event the custodian retains private legal counsel for his defense or for bringing suit against the requester in connection with the request for records, the court may award attorneys' fees to the custodian.
[7] There is no discussion in the trial court's judgment of Elliott's prayer for "civil penalties." Other than the petition heading and prayer, there are no allegations of fact supporting the award of civil penalties.

Louisiana Revised Statute 44:35(E)(1) allows civil penalties only when the custodian "unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32." The penalty is not to exceed one hundred dollars per day for each day the custodian failed to give notification. Louisiana Revised Statute 44:32(D) requires notification in writing when a question is raised by the custodian as to whether it is a public record. Such notification must state the custodian's determination and the reasons therefor.
As Elliott's petition states that the district attorney agreed that the requested records were public records, there was no question about the status of the records and La.R.S. 44:35(E)(1) regarding penalties is not applicable. Therefore, if indeed the claim for civil penalties is a separate cause of action under Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993), Elliott has failed to state a cause of action for civil penalties. Because we are not sure whether the district court in its judgment addressed the issue of civil penalties, we make this clarification.
[8] The clear mandate for handling such matters in a preferential and summary manner was recognized by the supreme court in Title Research, 450 So.2d at 936 n. 1, and observed in Treadway v. Jones, 583 So.2d 119 (La.App. 4th Cir.1991).