Dear Mr. Chaisson:
This office is in receipt of your request for an opinion of the Attorney General in regard to the obligations of Bayou Lafourche Fresh Water District concerning requests under the Public Records Law. You indicate the District seems to have an unusual amount of requests for information from family members of one of the District's employees, and these requests seem to occur immediately after the District takes personnel actions in regard to the employee. Based upon this occurrence you ask the following questions:
 1) Can information requests from the family members be considered harassment under situations mentioned above?
 2) When does repeated information requests from an individual or group become a harassment problem?
 3) If these requests are harassment, how does the District handle such requests without violating the Public Records Law?
This office has repeatedly recognized that the Public Records Laws as provided in Title 44:1 must be liberally construed in favor of free and unrestricted access to public records, and that the public's right to public records is fundamental and guaranteed by the Louisiana Constitution, Art. 12, Sec. 3 which provides that "[N]o person shall be denied the right to . . . examine public documents, except in cases established by law."
In furtherance of this Constitutional Article, R.S. 44:32 of the Public Records Law provides in part as follows:
 The custodian shall present any public record to any person of the age of majority who so requests. The custodian shall make no inquiry of any person who so applies for a public record, except an inquiry as to the age and identification of the person * * * *.
Relative to your question if these requests can be considered harassment, we find opinions of this office that indicate to the contrary. In Atty. Gen. Op. 95-137 this office stated, "Even if the public records request appears to be unreasonably burdensome, the records must still be provided." This is consistent with the earlier observation in Atty. Gen. Op. 93-482 wherein it was specifically stated, "The Public Records Law contains no limitation on the number or size of the requests which may be made by a person."
We also find Elliot v. District Attorney of Baton Rouge, 664 So.2d 122
(La.App. 1 Cir 1995) pertinent wherein the court reasoned that the existence of past and possible future requests is not a proper means by which to evaluate whether the particular request is overburdensome, but declared that each request must be weighed individually and the cumulative effect of other requests cannot be considered in determining the burdensomeness.
Accordingly, we must conclude as long as the requests fall within the Public Records Law so as to be subject to disclosure, we do not believe you can question the basis for the request and thereby deny any person access.
While the contents of the requests being made are not clear or its impacts on your office, it does not appear the problem is having to compile voluminous amounts of data in response to broad requests. However, if this is a situation where there are broad requests requiring extensive searches, you are not required to sort through great amounts of records to compile lists of information for the requester. You may allow the examiner to look for the record during office hours if your search would be so time consuming so as to interfere with the orderly conduct of your office. Moreover, you may require the requester to inspect these documents after hours where reasonable compensation would be required in advance by the person examining such records in accordance with R.S.44:32A. However, an order by the custodian requiring after hours examination is subject to strict scrutiny and will be allowed when the request is of such magnitude that it disrupts normal office procedures. "Mere inconvenience is not enough to justify a citizen to pay for a constitutional guarantee." Atty. Gen. Op. 81-615.
Therefore, unless there is interference with operation of the office by responding to broad requests, you must supply the public record sought by the individual, or allow a search during office hours by the requester for the pertinent record.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By:__________________________ BARBARA B. RUTLEDGE Assistant Attorney General
PRI/bbr
Date Received: June 21, 2001 Date Released: July 16, 2001
BARBARA B. RUTLEDGE Assistant Attorney General