Dear Mr. Hamilton:
This office is in receipt of your request for an opinion on behalf of Louisiana Delta Community College. In your letter you posed the question whether individuals who contact a state agency from a private or unlisted phone number can expect that their telephone numbers will remain confidential under the Public Records Act.
Louisiana Constitution Article 12, Section 3 provides, "No person shall be denied the right to examine public documents, except in cases established by law." If there is no law regarding the privacy of certain information, it is up to the courts to decide. Courts will use several criteria to determine whether a certain type of information will be exempt from public records law. In Capital City Press v. East BatonRouge Parish Metropolitan Council, a test was cited for determining whether one has a reasonable expectation of privacy. 696 So.2d 562. In that case, the Supreme Court stated that it has to be determined if the person has an actual expectation of privacy, and also if it is "a type of expectation which society at large is prepared to recognize as being reasonable."
If there is a reasonable expectation of privacy in unlisted telephone numbers, then this information may receive Fourth Amendment protection from disclosure under the United States Constitution. The general premise is that one's reasonable expectation of privacy is violated when personally identifiable information that has been requested to be confidential is disseminated to the public so as to identify the individual. (Op.Atty.Gen., No. 99-182, Aug. 2, 1999)
L.A. R.S. 44:11 states that the unlisted home telephone numbers of state employees are exempt from dissemination under the public records law. This office opined in Attorney General Opinion No. 00-314 that it is reasonable that a private citizen has at least a similar expectation of privacy in this information as a public employee. When a person requests that their phone number remain unlisted, usually they do not expect a third party to have access to their phone number. They have a reasonable expectation that their phone number will be kept private.
Based on the information that is available, this office continues to opine that unlisted telephone numbers of private citizens should have the same privacy protection as those of state employees. Therefore, the private telephone numbers should be removed from the requested record. In Attorney General Opinion No. 00-314, this office stated, "It is our opinion that a telephone number that is private or unlisted can be deleted from a public record."
In your letter, you also mentioned a dispute about the costs of copying. A custodian of public records may charge a reasonable fee for the copying of those records according to La.R.S. 44:32(c)(1)(a). The question of what constitutes a reasonable fee for copying of public records turns on facts and circumstances of each individual request.Granger v. Litchfield, 645 So.2d 1262.
I trust that this adequately responds to your request. If you have any questions and/or additional information becomes necessary, please advise.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: ________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
CCF, Jr./CHB, Jr./mq