Dear Mayor Edwards:
Our office received your request for an opinion from the Office of the Attorney General relating to the nature of an individual's water usage figures, as revealed on a bill of the Sarepta Waterworks District.
The information provided indicates that the Sarepta Waterworks District maintains the water system and regulates the rates for businesses and individual citizens in Sarepta, as well as for some individuals who live outside of the city limits. Flat rates are charged, as established by the Sarepta Waterworks District Commissioners. Your letter states that individual water usage figures have been requested from the Sarepta Waterworks District, and the District has denied the request, stating that such information is private.
The right of access to public information is guaranteed by La.Const. art. XII, § 3, which provides, "[n]o person shall be denied the right to . . . examine public documents, except in cases established by law." The Public Records Act, which can be found at La.R.S. 44:1 et seq., was enacted by the Louisiana Legislature to protect and define the scope of the constitutional right of access to public documents.
A "public body" is defined by La.R.S. 44:1(A)(1) as:
any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function. *Page 2 
Thus, under this definition, it is clear that the Sarepta Waterworks District qualifies as a public body. A "public record" includes:
All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state . . . except as otherwise provided in this Chapter or the Constitution of Louisiana.
La.R.S. 44:1 (A)(2)(a).
The Louisiana Supreme Court has instructed liberal construction of the Public Records Act, with any doubt being resolved in the favor of access.[1] Unless an exception to the Public Records Act is applicable, a custodian has the responsibility and duty to provide access to public records.[2] The right of access to public records is a fundamental right, guaranteed by the Louisiana Constitution. Accordingly, "[a]ny restriction or limitation imposed by the custodian places the burden on the custodian to justify the restriction or limitation."[3]
The water usage figures associated with a particular address, whether it is an individual or business address, is information which is prepared, possessed or maintained for use in the conduct, transaction or performance of business of a public body. Title 44 does not provide for an exception to disclosure pertaining to water usage figures held by a public body. This position is consistent with La. Atty. Gen. Op. No. 05-0292, where our office opined that, "[a] water bill is a record of the account balance for the amount of water provided by a public utility to a customer and as such is classified as a public record." *Page 3 
Please find this opinion, along with La. Atty. Gen. Op. No. 94-508, enclosed for further discussion of the nature of information contained within a utility bill. Note that whenever a public entity holds information pertaining to individuals, the public body should consider whether there is a privacy interest in the information requested. Any sensitive personal information not relating to the operation of the water district should be redacted. See La. Atty. Gen. Op. No. 05-0292 and La.Const. art. I, § 5.
In conclusion, it is the opinion of this office that the water usage figures reflected on an individual or business water bill held by the Sarepta Waterworks District is a public record subject to inspection under the Public Records Act.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB
[1] Title Research Corp. v. Rausch, 450 So.2d 933 (La. 1984);Landis v. Moreau, 00-1157 (La. 2/21/01), 779 So.2d 691.
[2] La.R.S. 44:31.
[3] Bozeman v. Mack, 1997-2152, p. 6 (La.App. 1 Cir. 12/21/98), 744 So.2d 34, 38; CitingElliott v. District Attorney of Baton Rouge, 94-1804, pp. 3 and 7 (La.App. 1 Cir. 9/14/95),664 So.2d 122, 124 and 126, writdenied, 95-2509 (La. 12/15/95), 664 So.2d 440.