J^TOBIAS, Judge.
On or about 2 November 1999, relator filed suit in the Civil District Court against the City of New Orleans, the Superintendent of Police, and others seeking a copy of the initial police report (and subsequent supplementations thereof) free of charge, asserting that the report is needed by him for post-conviction relief related to his conviction for second degree murder. The *1223 murder is alleged to have occurred on 2 June 1997, but the application filed with this court fails to indicate a date upon which relator’s conviction became final. The records of this court reflect that relator’s conviction was affirmed by this court in an unpublished opinion rendered on 29 September 1999 and that the Supreme Court of Louisiana denied writs on 20 April 2000. Relator received from the respondent, the Superintendent of Police, correspondence advising that the cost of the sought report is $164.00. Relator attaches to his application a statement of account from the institution in which he is incarcerated (Angola) showing that as of the approximate time of the filing of his application with the district court he had no funds available to pay for the report.
La. C.Cr.P. art. 930.3 requires a person in custody after sentence for an offense to articulate one of six specific grounds in order to obtain post-conviction ^relief. If properly articulated, the person then has an opportunity to obtain, as opposed to a right to obtain, a free copy of the police report. La. C.Cr.P. art. 930.8 presently gives relator three years from the date his conviction becomes final to seek the sought relief. Additionally, La. R.S. 44:31.1 specifically requires that:
For the purposes of this Chapter [relating to public records], person does not include an individual in custody after sentence following a felony conviction who has exhausted his appellate remedies when the request for public records is not limited to grounds upon which the individual could file for post-conviction relief under Code of Criminal Procedure Article 930.3....
The application before us shows no particularized need for the report, fails to demonstrate that the need is not frivolous, and that the report is needed to decide an issue relevant under La. C.Cr.P. art. 930.3. Failure to do so is fatal to the application for a report free of charge. State v. Willis, 27378 (La.App. 2 Cir. 12/21/94), 647 So.2d 677. At the time relator filed his suit in the district court, he had not exhausted his appellate remedies, for the Supreme Court of Louisiana had not acted upon his application. Because, inter alia, his application to the district court is premature, he fails to show that the Public Records Act applies to him in order that he might have the opportunity to obtain a free copy of the police report. He may, however, pay the fee quoted to him and obtain a copy of the report.

WRIT DENIED.