849 So.2d 756 (2003)
Johnny N. DIGGS, Jr.
v.
Richard J. PENNINGTON, Superintendent of Police, et al.
No. 2003-CA-0057.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 2003.
Johnny N. Diggs, Jr., Angola, LA, In Proper Person Plaintiff/Appellant.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY).
*757 PATRICIA RIVET MURRAY, Judge.
This is a prisoner's mandamus action seeking to compel compliance with a public records request. From a judgment dismissing the writ of mandamus, the plaintiff appeals. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
Johnny Diggs, Jr., an inmate at the Louisiana State Penitentiary, is serving a sentence of life plus 567 years as a fourth felony habitual offender after being convicted of armed robbery, attempted armed robbery, first degree robbery and attempted second degree murder. This court affirmed Mr. Diggs' conviction in an unpublished opinion. See State v. Diggs, 97-1826 (La.App. 4 Cir. 11/4/98), 731 So.2d 559 (unpublished opinion table).
On November 10, 2001, Mr. Diggs requested a specific police report from the New Orleans Police Department (the "NOPD"), which he indicated was needed to support a claim in his post-conviction relief application. His request was contained in a letter addressed to the commander in charge of public records and was for the police report and other documents that reflect the statements "concerned citizens" who identified him and placed him at the scene of the crime. In the letter, he indicated his willingness to pay the cost of the requested police report and any associated documents. He also pointed out that he did not require all the police reports associated with his case and that he was unable to pay the $309.00 cost for obtaining all the reports.
Thereafter, the NOPD sent a letter to Mr. Diggs requesting additional information; that letter is not contained in the record. On December 14, 2001, Mr. Diggs responded by letter to the commander in charge of public records, providing his full name, date of birth, and social security number.
On February 26, 2002, Mr. Diggs filed a petition for writ of mandamus against Richard J. Pennington, the NOPD superintendent. In his petition, Mr. Diggs alleged that he provided all the information requested and that he was not provided the requested documents to which he is entitled under the Public Records Act. The petition requested that the trial court order the NOPD to provide him at no charge (or a reduced charge) the police report and any associated documents reflecting the statements of "concerned citizens" who placed him at the scene of the crime. He also filed a motion to proceed in forma pauperis.
On June 3, 2002, Chief Pennington was served with the petition. On August 9, 2002, Mr. Diggs appeared before the trial court; however, neither Chief Pennington nor a representative of the NOPD appeared. Nor did Chief Pennington file an answer. After hearing argument by Mr. Diggs, the trial court dismissed the petition. This timely appeal followed.[1]
*758 DISCUSSION
Mr. Diggs asserts three assignments of error. First, he argues that the trial court erred in its interpretation of the public records laws. He argues that the requested police report was subject to disclosure under the public records laws because his criminal litigation is final. It is clear from the record that Mr. Diggs is a person entitled to the requested police report because he is an individual in custody after sentence following a felony conviction, who has exhausted his appellate remedies, and the request was limited to grounds raised in his application for post conviction relief. La. R.S. 44:31.1. Mr. Diggs' right to receive the report and associated documents, however, was not disputed by the NOPD. Nor did the trial court deny Mr. Diggs' petition on that basis. Hence, there is no evidence that the trial court misinterpreted Mr. Diggs' right to access the requested police report under the public records laws.
Second, Mr. Diggs argues that he is entitled to the specific police report and any associated documents at no charge (or a reduced charge) because he is indigent and that the trial court erred when it found that it lacked jurisdiction to order the NOPD to provide the requested report. He argues that the only remedy is for the NOPD to provide all the police reports at no charge or at a reduced charge because he cannot afford to pay the $309.00 fee for all the police reports in his case and cannot provide the specific item number for the specific police report he needs.
The applicable statutory provision, La. R.S. 44:32 C(1)(a), employs the permissive "may," as opposed to the mandatory "shall."[2] Construing a similar provision, 44:32 C(2), which also uses the permissive "may," we found it was within the district attorney's discretion to furnish copies free, or at a reduced rate, to indigents and that it was error for the trial court to order the district attorney to furnish free copies. Carmona v. Wallace, 94-0885, p. 2 (La. App. 4 Cir. 11/17/94), 645 So.2d 1300. Similarly, in Ceasear v. Pennington, 2000-2787 (La.App. 4 Cir. 1/31/01), 778 So.2d 1222, we noted that a defendant seeking post-conviction relief "has an opportunity to obtain, as opposed to a right to obtain, a free copy of the police report." 2000-2787 p. 2, 778 So.2d at 1223.
Although Mr. Diggs filed an application for post-conviction relief and articulated a need for the police report, that articulation merely gave him the opportunity, not the right, to receive a free copy of the police report. The NOPD may, in its discretion, furnish free (or reduced rate) copies of the police report, but there is no requirement that it do so. The trial court thus did not err in refusing Mr. Diggs' request to order the NOPD to furnish him with free or reduced cost copies.
Mr. Diggs also argues that the trial court erred in finding that it lacked jurisdiction. This argument is based on the following statement by the trial court at the hearing on the petition:
I would like to help you, Mr. Diggs, but I can't order the police department to drop their fee. I can't order the *759 police department to take an hour to go through all the police reports that they have and that you have the item numbers to see which one you would like.... I think it's well without my well beyond my jurisdiction to order the New Orleans Police Department to do any of what you're asking me to do.
Contrary to Mr. Diggs' contention, the trial court did not err in finding it lacked the power to compel the NOPD to provide a free report or to sift through all the reports in this case. Neither of these actions is a "ministerial duty" for which a writ of mandamus may be issued under La. C.C.P. art. 3863.
Lastly, Mr. Diggs argues that the trial court erred in shifting the burden to him during the hearing when the custodian of the records failed to appear. La. R.S. 44:31(B)(2) provides that the burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian. The issue at the hearing in the instant case, however, was not whether the requested police reports were subject to inspection, copying, or reproduction; rather, the issue was the cost. The trial court fully explored the issue of cost, Mr. Diggs' inability to pay for the set of police reports, and his inability to provide a specific item number for the one police report he needs. The trial court went further and suggested to Mr. Diggs that perhaps one of the local law school clinics could assist him. The trial court did not impermissibly shift the burden to Mr. Diggs at the hearing.

DECREE
For the above reasons, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] On August 16, 2002, Mr. Diggs filed a petition for appeal and extension of time, which the trial court granted on August 21, 2002. October 2, 2002, he filed an assignment of error and designation of the record. The trial court set the return date as October 18, 2002. On December 6, 2002, the trial court vacated its order granting Mr. Diggs a devolutive appeal because the record did not contain a judgment that could be appealed. On the same day, the trial court signed a judgment denying Mr. Diggs' petition for a writ of mandamus against Chief Pennington. By letter dated December 19, 2002, the trial court notified Mr. Diggs that his first motion for appeal had been granted in error, as there was no judgment signed and placed in the record from which he could appeal. The trial court pointed out that a judgment had been filed in the record and requested that Mr. Diggs file another motion for appeal. On December 30, 2002, Mr. Diggs filed a new petition for appeal and extension of time, which the trial court granted on January 8, 2003.
[2] Particularly, the statute states:

For all public records, except public records of state agencies, it shall be the duty of the custodian of such public records to provide copies to persons so requesting. The custodian may establish and collect reasonable fees for making copies of public records. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state. La. R.S. 44:32C(1)(a).