LEROY JOHNSON
v.
ORLEANS PARISH DISTRICT ATTORNEY
No. 2009-CA-0115.
Court of Appeals of Louisiana, Fourth Circuit.
June 3, 2009.
Not Designated for Publication
LEROY JOHNSON, #307714 Louisiana State Penitentiary Plaintiff/Appellee, Pro Se.
WILLIAM D. AARON, Jr., Special Prosecutor Orleans Parish District Attorney's Office DeWAYNE L. WILLIAMS, CANDICE M. RICHARDS GOINS AARON, APLC, Counsel for Defendant/Appellant.
Court composed of Judge TOBIAS, Jr., Judge; BELSOME, Judge; BONIN.
MAX N. TOBIAS Jr., Judge.
The Honorable Leon A. Cannizzaro, Jr. ("Cannizzaro"), as the successor District Attorney for the Parish of Orleans, appeals an order rendered on 3 December 2008 against William D. Aaron, Jr. ("Aaron'), a special prosecutor with the office of the Orleans Parish District;[1] Robert L. Freeman, Jr. ("Freeman"), the District Attorney (Acting) of Orleans Parish until 16 November 2008 when Cannizzaro became the successor district attorney;[2] and Mark C. Carver ("Carver"), an attorney in the law office of Goins Aaron, APLC (but not a deputy special prosecutor); the order purports to grant a writ of mandamus in favor of the plaintiff/appellee, Leroy Johnson ("Johnson"), an inmate at the Louisiana State Penitentiary at Angola, Louisiana, directing Aaron, Freeman, and Carver to deliver certain records contained within the files of the office of the Orleans Parish District Attorney. After reviewing the record and law, we amend the trial court's order converting it to a judgment, issuing a writ of mandamus conditioned upon Johnson paying to the Office of the Orleans Parish District Attorney the sum of $68.00, and directing that Cannizzaro deliver to Johnson certain records of his office.
This case involves a public records request made by Johnson to the Orleans Parish District Attorney ("D.A."), pursuant to the Louisiana Public Records Act, La. R.S. 44:32, which states in pertinent part:
A. The custodian shall present any public record to any person of the age of majority who so requests. The custodian shall make no inquiry of any person who applies for a public record, except an inquiry as to the age and identification of the person and may require the person to sign a register and shall not review, examine or scrutinize any copy, photograph, or memoranda in the possession of any such person; and shall extend to the person all reasonable comfort and facility for the full exercise of the right granted by this Chapter; provided that nothing herein contained shall prevent the custodian from maintaining such vigilance as is required to prevent alteration of any record while it is being examined; and provided further, that examinations of records under the authority of this Section must be conducted during regular office or working hours, unless the custodian shall authorize examination of records in other than regular office or working hours. In this event the persons designated to represent the custodian during such examination shall be entitled to reasonable compensation to be paid to them by the public body having custody of such record, out of funds provided in advance by the person examining such record in other than regular office or working hours.
* * *
C.
* * *
(2) For all public records of state agencies, it shall be the duty of the custodian of such records to provide copies to persons so requesting. Fees for such copies shall be charged according to the uniform fee schedule adopted by the commissioner of administration, as provided by R.S. 39:241.
Copies shall be provided at fees according to the schedule, except for copies of public records the fees for the reproduction of which are otherwise fixed by law. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state or the persons whose use of such copies, as determined by the custodian, will be limited to a public purpose, including but not limited to use in a hearing before any governmental regulatory commission.
As used in the Public Records Law, "the word `custodian' means the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records." La. R.S. 44:1 A(3).
Beginning in 1994, Johnson, who had exhausted his appeals at the state level for criminal convictions, submitted a public records request to the D.A.'s office seeking copies of the files relative to his trials and ultimate convictions. The record on appeal contains his request dated 8 June 2008 for certain documents,[3] his application for a writ of mandamus filed on 21 July 2008 in the Civil District Court, and an order of the trial court signed on 25 August 2008 noticing a hearing for 26 September 2008 on Johnson's application for a writ of mandamus and granting Johnson a writ of habeas corpus ad testificandum. Service of Johnson's application for the writ of mandamus was made upon the Office of the District Attorney on 17 September 2008, although it is unclear precisely who was served. An answer and opposition was filed by Aaron of behalf of Freeman on 26 September 2008, the date of the scheduled hearing; Freeman was the then acting District Attorney. The answer informed Johnson that the cost to reproduce the sought records would be $68.00, based upon a letter dated 15 September 2008 signed by Aaron on behalf of Keva M. Landrum-Johnson, the then acting District Attorney for Orleans Parish. (Ms. Landrum-Johnson's letter is attached to the answer.) Apparently a hearing occurred on 26 September 2008, but no transcript hereof appears in the record on appeal and apparently the proceedings recorded by a court reporter.[4]
On 7 October 2008, Johnson filed a pleading with the court asking the trial judge who heard the matter on 26 September 2008 for a copy of the minutes and docket master of the 26 September 2008 hearing. However, although the Civil District Court maintains minutes, no docket master exists.
By a pleading filed on 16 October 2008 sent ex parte to the trial judge (apparently without a copy being sent to Aaron, Freeman, or Carver as required by law), Johnson reminded the judge that at the 26 September 2008 hearing Aaron acknowledged that the office of the district attorney had previously received from him a remittance of $131.00 for the sought records. In this ex parte pleading, Johnson attached a memorandum notification from the Louisiana State Penitentiary advising that his remittance of 5 November 2004 of $131.00 had been redeposited to his prison account on 8 October 2008 because the check had never been cashed. Also attached to this pleading was a copy of a letter of 30 September 2008 from Aaron written on behalf of Freeman asserting that the district attorney's office had no record of ever receiving the $131.00 check that Johnson had sent in 2004.
On or about 3 December 2008, Johnson again filed applications for a writ of mandamus and a writ of habeas corpus ad testificandum. The trial court denied the writ of habeas corpus ad testificandum, noting same was moot, apparently because the trial court signed the order that day attached to Johnson's application for a writ of mandamus granting the writ of mandamus, as described below. In his application, Johnson asserted:
Movant contends that when he attempted to perfect payment in this matter by causing a check in the amount of $131.00 to be mailed by the Department of Safety and Corrections to Respondent(s) that, Robert L. Freeman, Jr., William D. Aaron, Jr. and Mark C. Carver 1). Withheld the check made payable to the District Attorney files; 2). Returned the check made payable to the Respondents to the Department of Safety and Corrections instead of providing Movant with the records requested under Docket No. 338-273; Docket No. 338-448; and Docket No. 338-484  alleged to be contained in the District Attorney's file No. 75281 and 70077.
This Court previously ordered the District Attorney to provide the above and foregoing filed to Mr. Johnson during the contradictory hearing held previously. [Reproduced verbatim without correction.]
The specific order that the trial judge signed on 3 December 2008 reads as follows:
Premise of Movant Leroy Johnson considered:
IT IS ORDERED that Robert L. Freeman, Jr.; William D. Aaron, Jr.; and Mark C.Carver, at the address of 201 St. Charles Avenue, Suite 3800, New Orleans, LA 70170 shall provide to Mr. Leroy Johnson, with the records requested in the matter of State v. Johnson under Docket No. 338-273; Docket No. 338-448; and Docket No. 338-484  alleged to be contained in the District Attorney's file No. 75281 and 70077 as previously prayed for by Movant, and as Ordered by this Court in Johnson v. Orleans Parish District Attorney, Docket No. 2008-06940, Division L-6, and provide same to Movant thirty (30) days from receipt of this Court's Order. [Emphasis in original; reproduced verbatim without correction.]
Although service was requested, apparently this order was not served upon Cannizzaro or any other named defendant. However, the application filed on or about 3 December 2008 was served upon Freeman, Aaron, and Carver on 22 December 2008. Aaron, representing Cannizzaro, filed a motion for suspensive appeal on 30 December 2008 of the 3 December 2008 order and an order of appeal was signed that same day.
Cannizzaro, on behalf of Freeman, Aaron, and Carver, assigns three errors for our review. First, it is alleged that the trial erred in ordering that the documents be produced free of charge. Second, argument is made that the trial court erred by granting a writ of mandamus without a contradictory hearing. And lastly, the contention is made that the writ of mandamus must be directed to the then D.A., the proper public official, and not to Aaron, Freeman, and Carver.
In the first assignment of error, the argument is made that Johnson is not entitled to copies of his records free of charge. In State ex rel. Williams v. Whitley, 94-2693 (La. 2/9/95), 649 So. 2d 414, the Supreme Court held that the relator/inmate could inspect and copy the requested records at this own expense and that the records' custodian may provide him with the records free or at a reduced charge. However, the relator was not entitled to copies of documents free of charge as a matter of right.
In his concurrence, Justice Lemmon stated that:
[R]elator may seek further relief by showing that he is indigent and has a particularized need for the documents. Cf. State v. Simmons, 93-0275 (La. 12/16/94), 647 So.2d 1094 (with certain exceptions, incarcerated indigents must demonstrate a particularized need in order to receive copies of documents free of charge, exceptions do not include district attorney's files).
Id. See also Carmona v. Wallace, 94-0885 (La. App. 4 Cir. 11/17/94), 645 So. 2d 1300.[5]
We find no authority to support an argument that Johnson may obtain his records free of charge. However, we find that Johnson never sought to obtain his records free of charge. He tendered a payment of $131.00 that was not received by the office of the D.A. and it only became clear that the money was not received when that amount was recredited to Johnson's account at the Louisiana State Penitentiary in October 2008. Acting District Attorney Landrum-Johnson advised Johnson that the records sought would cost him $68.00, $6.00 of which was for postage; these records consist of fourteen pages in case number 338-484 and one hundred ten pages in case number 338-273.[6] We understand that the intent of the parties was that the documents sought by Johnson would be delivered to him upon the payment of $68.00. Accordingly, in the interests of justice, we find that the order should be amended to reflect that the documents sought by Johnson be provided to him upon his paying $68.00 to the D.A. La. C.C.P. art. 2164.
In the second assignment of error, the contention is made that the trial court erred by issuing a writ of mandamus without a contradictory hearing. In Revere v. Layrisson, 593 So. 2d 397, 399 (La. App. 1st Cir. 1991), the court stated:
A mandamus is, among other things, a writ directing a public officer to perform a ministerial duty required by law. La. C.C.P. arts. 3861 and 3863. La. C.C.P. art. 3865 provides as follows:
Upon the filing of a petition for a writ of mandamus, the court shall order the issuance of an alternative writ directing the defendant to perform the act demanded or to show cause to the contrary.
La. C.C.P. art. 3866 provides as follows:
After the hearing, the court may render judgment making the writ peremptory. (Emphasis added)
After reviewing the foregoing authorities, we conclude the trial court erred by rendering a judgment without first conducting a contradictory hearing as required by law. Cf. State ex rel Guste v. Thompson, 532 So.2d 524 (La. App. 1st Cir.1988). [Emphasis in original.]
This court reached a similar conclusion in Elliot v. Taylor, 614 So. 2d 126 (La. App. 4th Cir. 1993), where the plaintiff sought the arrest and booking records of a third party. Some of the information was omitted from the documents and the plaintiff filed for a writ of mandamus to obtain the redacted portions. We stated:
The right of access to public records is fundamental. Article 12 [sic], Section 3 of the Louisiana Constitution of 1974 provides in pertinent part that: "No person shall be denied the right ... to examine public documents, except in cases established by law." Access to such records can be denied only when a law specifically provides otherwise. Whenever there is any doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to inspect. Title Research Corp. v. Rausch, 450 So. 2d 933 (La. 1984). Access to a public record can be denied only when the law specifically and unequivocally provides against access. Harrison v. Norris, 569 So. 2d 585 (La. App. 2 Cir.1990), writ denied, 571 So. 2d 657 (La. 1990). The Public Records Law has been liberally interpreted to enlarge rather than restrict the public's access to public records. Exemptions from disclosure should be narrowly construed because they are in derogation of the public's right to know how government affairs are conducted. Lewis v. Spurney, 456 So. 2d 206 (La. App. 4 Cir.1984), writs denied, 457 So. 2d 1183 and 458 So. 2d 488 (La.1984).
Id. at 128.
After reviewing the record, we find that the order of 3 December 2008 was rendered in connection with and on the basis of the 26 September 2008 hearing, not the ex parte application of Johnson of 3 December 2008. We reach this conclusion because the trial court declined to issue the second application for a writ of habeas corpus ad testificandum on 3 December 2008, declaring the need for that writ of habeas corpus as moot. No second hearing was required.
At the time of the order issuing the writ of mandamus, Cannizzaro was the duly elected district attorney. In the final assignment of error, Cannizzaro, on behalf of Freeman, Aaron, and Carver, asserts that the trial court erred by signing an order directed to the three of them, requiring the production of documents within the control of the D.A. We agree.
Pursuant to La. C.C.P. art. 3861, a mandamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in articles 3863 and 3864. As noted, in La. R. S. 44:1 A(3), the word "custodian" means the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records. The district attorney is the public official having custody or control of the public records Johnson seeks. It is the district attorney to whom the writ of mandamus must be issued. Thus, we find that the trial court erred in failing to order the then district attorney to provide the records at issue.
As a matter of law, once Freeman ceased being the acting district attorney on 16 November 2008, the proper person to whom an order had to be directed was Cannizzaro.
La. C.C.P. art. 806 states:
When an officer of the state, or of a municipality, parish, political subdivision, agency, or public corporation, who is a party dies, resigns, or otherwise ceases to hold office, his successor may be substituted therefor on ex parte written motion of the successor or any other party, supported by an affidavit of the truth of the facts alleged. A copy of the order substituting the successor shall be served on the adverse party by mail.
Thus we find that Cannizzaro or Johnson should have moved to substitute Cannizzaro in place of Freeman.[7]
We note also that the trial court issued an order for a writ of mandamus. We understand that the trial court intended to issue a judgment granting a writ of mandamus. Accordingly, we will amend the decree converting the order into a judgment. La. C.C.P. arts. 2129 and 2164.
In our view, given the extraordinary set of facts in this case, the persistent attempts by Johnson since 2004 to obtain the records relating to his convictions, and the equities of this case, we amend the order of 3 December 2008 issued by the trial court to read as a judgment as follows:
Judgment is rendered herein in favor of Leroy Johnson and against the Honorable Leon A. Cannizzaro, District Attorney of Orleans Parish, as follows:
Upon Leroy Johnson paying to the Office of the District Attorney for Orleans Parish the sum of sixty-eight and no/100 dollars ($68.00), it is ordered that a writ of mandamus issue herein against and directed to the Honorable Leon A. Cannizzaro, Jr., in his capacity as Orleans Parish District Attorney, and in favor of Leroy Johnson, directing, ordering, and decreeing that the Honorable Leon A. Cannizzaro, Jr. provide to Leroy Johnson not more than thirty (30) days from the receipt of Leroy Johnson's payment of $68.00 (or a payment in that amount made on behalf of Leroy Johnson), the records consisting of fourteen pages in case number 338-484 and one hundred ten pages in case number 338-273 on the docket of the Criminal District Court for the Parish of Orleans, which pages are contained in the Orleans Parish District Attorney's files bearing numbers 75281 and 70077, as admitted and confirmed by the letter of September 30, 2008 written by William D. Aaron, Jr., Special Prosecutor, on behalf of Robert L. Freeman, Jr., then District Attorney of Orleans Parish, to Leroy Johnson, which letter is contained within the record on appeal of this case.
AFFIRMED IN PART; AMENDED IN PART; AFFIRMED AS AMENDED.
NOTES
[1] The record does not reflect that Aaron was a special prosecutor with the office of the district attorney on 3 December 2008; its unknown what his status was on that date, all as will become clear infra.
[2] We take judicial notice of the fact that Cannizzaro took his first oath of office as the Orleans Parish District Attorney on 16 November 2008. La. C.E. art. 201.
[3] It appears that Johnson first sough public records relating to his convictions from the D.A. in 2004 as evidenced by a credit to his account at the Louisiana State Penitentiary in October 2008 in the amount of $131.00, as discussed infra. In May 2007, Johnson sent a second public records request to Aaron, who informed Johnson that a deposit of $50.00 would be required.
[4] In civil court proceedings, on motion days such as 26 September 2008, a court reporter does not necessarily take down the arguments or statements of attorneys or parties unless requested to do so by an attorney in the cause, a party, or the trial judge; only sworn testimony is automatically taken down. This explains the absence of any transcript for that day.
[5] "The District Attorney may, in his discretion, furnish copies free of charge or at a reduced rate to indigents, but there is no requirement that he do so. It was error for the trial court to order the District Attorney to furnish Mr. Carmona with free copies." Id., p. 2, 645 So.2d at 1300. Accord, Diggs v. Pennington, 03-0057, p. 4 (La. App. 4 Cir. 6/4/03), 849 So. 2d 756, 758.
[6] The letter of 30 September 2008 from Aaron on behalf of Freeman to Johnson indicates that no records in case number 338-448 can be found.
[7] We can find no Louisiana case that has cited La. C.C.P. art. 806. However, article 806 is derived from Fed. R. Civ. Proc. 25(d). Some federal jurisprudence, albeit old, citing due 25 (d) holds that where a new public officer replaces a former public officer holding the same public office, counsel appearing on behalf of the new public officer is presumed to represent both the new and former public officer; counsel's appearance in the same proceedings satisfies the rule that substitution of the defendant-public officer occurs when the successor adopts or continues or attempts to adopt actions of the predecessor public officer. Ming v. Dulles, 225 F. 2d 849, 852 (9th Cir. 1955).