557 So.2d 714 (1990)
ASSOCIATION FOR RIGHTS OF CITIZENS, INC.
v.
PARISH OF ST. BERNARD, et al.
No. 89-CA-0887.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1990.
Rehearing Denied March 21, 1990.
*715 Alfredo Suescum A., New Orleans, for plaintiff/appellant.
William P. Schuler, Chalmette, for defendants/appellees.
Before LOBRANO, PLOTKIN and BECKER, JJ.
PLOTKIN, Judge.
Appellant, Association for Rights of Citizens, Inc. (ARC), appeals from the judgment of the trial court denying mandamus and attorney's fees. ARC had brought this action against the Parish of St. Bernard and its custodian of public records to enforce provisions of the Public Records Law, LSA-R.S. 44:1 et seq.
On September 23, 1988, ARC sent a letter to Patricia Oustalet, the custodian of employment records for St. Bernard Parish, requesting a list of non-professional, non-administrative parish employees, including their names, addresses, telephone numbers, race, gender, job classification, and work sites. This request was received by the custodian on September 26. The custodian made no response to this request. On October 20, ARC telephoned the custodian, who stated that she wanted to ask the employees whether they wished their addresses and telephone numbers to be deemed confidential under the exemption to the Public Records Law. LSA-R.S. 44:11(A).
On October 26, 1988, ARC filed a petition for a writ of mandamus and for an injunction, seeking to prevent the custodian from altering the existing records by deleting addresses and telephone numbers. On October 28, the custodian sent out a letter with employees' paychecks, asking them whether they wished their addresses and telephone numbers to be deemed confidential.
On November 28, the custodian mailed the requested information as to the employees' names, addresses, job classifications and work sites to ARC. However, the addresses were deleted for those employees who had requested confidentiality.
The trial court found that the custodian had sufficiently fulfilled her responsibility under the Public Records Law, as well as her duty to protect the employees' right to privacy under the exemption. We reverse.
*716 The Duty of the Custodian of Public Records
The right of access to public records is a fundamental right, guaranteed by the Constitution of Louisiana, Art. 12, Sec. 3, which states in pertinent part as follows: "[n]o person shall be denied the right to ... examine public documents, except in cases established by law."
Th[is] provision of the constitution must be construed liberally in favor of free and unrestricted access to the records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise ... Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to see. To allow otherwise would be an improper and arbitrary restriction on the public's constitutional rights.
Title Research Corp. v. Rausch, 450 So.2d 933, 936 (La.1984).
In 1982 the legislature revised the Public Records Law, adding an exemption for employee telephone numbers. In 1987 the Law was again revised, adding an exemption for employee addresses. LSA-R.S. 44:11(A). Both addresses and telephone numbers are deemed confidential at the request of the employee. Id.
At the time ARC made its request, the custodian of St. Bernard Parish records had never polled parish employees as to whether they wished such information to be classified as confidential. She had a legal duty to withhold this information if the employees so requested. Her action, sending a letter to employees asking whether they wished such information to be confidential, was reasonable under the circumstances.
The custodian, however, has a statutory duty to provide access to public records immediately, if the records are available, or, if they are unavailable, within three business days of a request for access. If the records are not readily available, "the custodian shall promptly certify this in writing to the applicant." LSA-R.S. 44:33(B)(1). When a record has been requested and there is a question whether the record is public, the custodian must make a determination and notify the person requesting the record of its determination within three days. LSA-R.S. 44:32(D).
Ms. Oustalet made no response to the requester at all. She received ARC's request on September 26, did nothing until October 28 when she sent out a letter to employees, and did not give access to any of the information until November 28. At no time did she give written notice to ARC that she was delaying compliance in order to determine which employees wished their addresses and telephone numbers to be deemed confidential. For the custodian to make this determination was reasonable. For her not to make a written response to ARC's request within three days, as required by statute, was not reasonable.
After the custodian had determined which employees requested that their addresses and telephone numbers be deemed confidential, it was reasonable for her to delete such information from the documents given to ARC. The telephone numbers were, according to the testimony of the custodian, contained only on the original employee applications. These applications also contained personal information about the employees.
The Louisiana Constitution, Art. I, Sec. 5, provides in part as follows: "Every person shall be secure in his (sic) person, property, communications, houses, papers and effects against unreasonable ... invasions of privacy." The threshold question is whether the employee has a reasonable expectation of privacy as to this information. Webb v. City of Shreveport, 371 So.2d 316, 319 (La.App. 2 Cir.1979). Public access to employee evaluations has been found to be an unreasonable and constitutionally prohibited invasion of privacy, because it could cause the employee humiliation or embarrassment. Trahan v. Larivee, 365 So.2d 294, 300 (La.App. 3 Cir.1979).
The custodian testified that the public information about non-confidential telephone numbers was contained on a form with private information. Under the Public *717 Records Law, "[i]f any record contains material which is not a public record, the custodian may separate the nonpublic record and make the public record available for examination." LSA-R.S. 44:32(B). The custodian has a duty to segregate public records from other records. LSA-R.S. 44:33(A)(1). However, if this would be unreasonably burdensome or expensive, then the custodian must state this in writing. LSA-R.S. 44:33(A)(2). In the instant case, the custodian merely testified that it would not be possible to delete the private information from the original applications, leaving access to the non-confidential telephone numbers. The custodian has a legal duty to segregate the public from the nonpublic information or to make a written statement, showing that this would be unreasonably burdensome or expensive. Ms. Oustalet has not fulfilled her duty to make the non-confidential telephone numbers available.
ARC also requested information as to employees' race and gender. The custodian testified that this information is not contained in any written records. The Public Records Law only applies to written documents and the custodian has no duty to write down information which exists only as a matter of personal knowledge.
We therefore reverse and enter a writ of mandamus in favor of appellant ordering and directing appellees to make available the nonconfidential telephone numbers of parish employees. Since we have found that the custodian, Ms. Oustalet, did not fulfill her legal duty to make a written response to appellant's request within three business days and to disclose nonconfidential telephone numbers, we award attorney's fees to appellant in an amount to be determined by the trial court.
REVERSED AND REMANDED.

ON APPLICATION FOR REHEARING
PER CURIAM.
The Parish of St. Bernard has filed an application for rehearing, raising two issues. First it contends that ARC's request for production of documents did not conform to the statutory requirements because it was written. This issue has no merit and was not raised in the trial court below or in this court on appeal. It is therefore not within the scope of this Court's review. Uniform RulesCourts of Appeal, Rule 1-3.
The second issue raised by St. Bernard Parish on rehearing is the award of attorneys' fees. The trial court denied mandamus after ARC was only partially successful in securing the information requested. Then the trial court in its discretion appropriately denied attorney's fees. This Court on appeal reversed the judgment of the trial court and granted mandamus. At that point ARC was fully successful in obtaining all the information requested which actually existed. When a party is successful in a suit for mandamus for access to public records that party "shall be awarded attorney's fees and other costs of litigation."
La. R.S. 44:35(D).
For the above reasons, rehearing is denied.