LANDRIEU, Judge.
Defendant, District Attorney Harry F. Connick, appeals the judgment of the trial court granting Darrell Miles’ petition for mandamus. We affirm.
FACTS
In a letter dated February 17, 1992, Darrell Miles, an incarcerated felon, requested that the District Attorney provide Rudy Gorrell, a person of the age of majority, copies of any and all documents in the DA’s custody pertaining to Miles’ case.[1] Specifically, “those documents include, but are limited to, notes, written interview/results, investigation reports, photographic evidence, results of various examinations, all statements of the victim, any and all reports, documentation, and the like.” On March 9, 1992, Miles was informed by letter that the Office of the District Attorney was exempt from providing copies. Miles then sought a writ of mandamus to compel the District Attorney to produce the documents for inspection and copying.
The trial court rendered a judgment in favor of Miles and ordered the District Attorney to produce a photocopy reproduction of the records requested. Excluded from this order were documents that were introduced at Miles’ criminal trial as well as trial transcripts.[2]
DISCUSSION
ASSIGNMENT OF ERROR NO. 1
Article 12, § 3 of the Louisiana Constitution of 1974 provides that “no person shall be denied the right to ... examine public [records], except in cases established by law.” We held in Association for Rights of Citizens, Inc. v. St. Bernard, 557 So.2d 714, 716 (La.App. 4th Cir.1990) that
Th[is] provision of the constitution must be construed liberally in favor of free and unrestricted access to the records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise ... Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public’s right to see. To allow otherwise would be an improper and arbitrary restriction on the public’s constitutional rights.
Connick contends the trial court improperly applied La.Rev.Stat.Ann. § 44:32(C)(2) (West 1982) rather than § 44:32(C)(l)(a) (West Supp.1992) when it ordered him to furnish copies of his files to Miles.[3] Specifically, he argues that (C)(1)(a) governs since the legislative intent of the 1989 amendment was to prevent state agencies from being overwhelmed with requests for copies.
Prior to the 1989 amendment, § 44:32 read, in pertinent part, as follows:
C. (1) For all public records, except public records of state agencies, it shall be the duty of the custodian of such public records to provide copies to persons so requesting. The custodian may establish and collect reasonable fees for making copies of public records. Copies of records may be furnished without or at a reduced charge to indigent citizens of this state. (Emphasis added).
(2) For all public records of state agencies, it shall be the duty of the custodian of such records to provide copies to persons so requesting. Fees for such copies shall be charged according to the uniform fee schedule adopted by the com *1171 missioner of administration, as provided by R.S. 39:241.
Copies shall be provided at fees according to the schedule, except for copies of public records the fees for the reproduction of which are otherwise fixed by law. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state or the persons whose use of such copies, as determined by the custodian, will be limited to a public purpose, included but not limited to use in a hearing before any governmental regulatory commission.
Following the 1989 amendment, § 44:32 read, in pertinent part, as follows:
C. (l)(a) For all public records, except public records of state agencies, it shall be the duty of the custodian of such public records to provide copies to the persons so requesting. The custodian may establish and collect reasonable fees for making copies of public records. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state. (Emphasis added).
(b) For all public records in the custody of a clerk of court, the clerk may also establish reasonable uniform written procedures for the mechanical reproduction of any such public record. Additionally, in the parish of Orleans, the recorder of mortgages, the register of conveyances, and the custodian of notarial records may each establish reasonable uniform procedures for the mechanical reproduction of public records in his custody.
The 1989 amendment did not change the language of paragraph C(l), it merely designated the existing paragraph C(l) as sub-paragraph C(l)(a) and added subparagraph C(l)(b). Paragraph C(2) was not affected by the 1989 amendment.
Considering the language of sections C(l)(a), C(l)(b), and C(2), we find that it was the intention of the legislature to establish the procedure for obtaining access to public records from the custodian of non-state agencies, clerks of courts, and state agencies. As the Office of the District Attorney is deemed a state agency, the trial court did not err when it applied C(2).
After the criminal litigation is “finally adjudicated” or “otherwise settled”, a person shall have access to District Attorney records pertaining to criminal litigation. La.Rev.Stat.Ann. § 44:3 (West Supp.1992); Harrison v. Norris, 569 So.2d 585 (La.App.2d Cir.1990), writ denied 571 So.2d 657 (La.1990). Since the criminal litigation has been fully adjudicated in this case, the District Attorney is ordered to provide Miles a copy of those records in his possession which are not otherwise privileged. Cost of the copies shall be determined by the District Attorney.
ASSIGNMENT OF ERROR NO. 2
By this assignment of error, appellant contends § 44:32, in its present form, is unconstitutionally contradictory, ambiguous and unenforceable.
When interpreting Revised Statutes, La. Rev.Stat.Ann. § 1:3 (West 1987) directs that
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language.
Each section of § 44:32(C) applies to a specific group of custodians of public records. Other than setting different rate schedules for the different groups, there is no contradiction. Contrary to appellant’s assertion, there is no ambiguity in the interpretation of the statute. Section C(2) governs any action by a person seeking to get copies of public records from a state agency. Accordingly, this assignment of error is without merit.
DAMAGES AND SANCTIONS
In his reply brief, Miles contends that, under La.Rev.Stat.Ann. § 44:35 (West Supp.1992)[4], he is entitled to civil penalties, *1172 and pursuant to La.Code Civ.Proc.Ann. art. 2164 (West 1961)[5], the imposition of damages for answering a frivolous appeal.
Although Miles succeeded in obtaining access to public records through his suit and therefore was entitled to reasonable attorney’s fees and other costs of litigation, he was not represented by an attorney. Thus, he is not entitled to be reimbursed for fees that he was not required to pay. Accordingly, the request for damages is denied.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the defendant.
AFFIRMED.

. "State of Louisiana versus Darrell Miles," No. 268-282, Criminal District Court, Section "G”, Parish of Orleans.

. Documents that were introduced into evidence at trial and transcripts must be sought pursuant to a motion filed with Criminal District Court.

. Section 44:32 was amended by Acts 1989, No. 404, § 1, eff. June 30, 1989.

. La.Rev.Stat.Ann. § 44:35 provides, in pertinent part, that:
D. If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney’s fees or an appropriate portion thereof.
*1172 E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record ... it may award the requester any actual damages proven by him to have resulted from the actions of the custodian.... (2) The custodian shall be personally liable for the payment of any such damages, and shall be liable in solido with the public body for the payment of the requester's attorney's fees and other costs of litigation ...

. La.Code Civ.Proc.Ann. art. 2164 provides:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.