FREDERICKA HOMBERG WICKER, Judge.
 

 | gThis appeal concerns a mandamus action following a request under the Public Records Law. It arises from a judgment which sustained exceptions of no cause of action, no right of action, unauthorized use of summary proceedings, and lack of personal jurisdiction filed on behalf of defendants/appellees (The Parish),
 
 [1]
 
 dismissing plaintiff’s/appellant’s, Anne-Marie Vande-nweghe’s, petition for a writ of mandamus. Ms. Vandenweghe appeals the dismissal of her mandamus petition urging that the trial judge erred in sustaining the exceptions of no cause of action,
 
 [2]
 
 no right of action, and lack of personal jurisdiction over one of the defendants, Steve Theriot (in his capacity as chief administrative officer). For the reasons that follow, we reverse in part; vacate in part, and remand.
 

 IsProcedural History
 

 On September 27, 2010, Ms. Vande-nweghe, who was an Assistant Parish Attorney at the time, submitted to the Parish of Jefferson, a public records request pursuant to the Public Records Law, La.R.S. 44:1
 
 et. seq.
 
 Ms. Vandenweghe requested the following: “any + all emails sent from or to avandenweghe@jeffparish.net (will pay cost of CD(s) necessary to hold) ... January 2009 to present.
 

 Three days later, on September 30, 2010, the Parish responded by letter from Assistant Parish Attorney Greg T. Giang-rosso. According to the letter, Ms. Vande-nweghe was informed that her request had generated “in excess of twenty-five thousand e-mails most of which contain[ed] electronically attached documents.” The letter informed Ms. Vandenweghe that the office was working with the “custodian(s) to ensure that any exempted material [was] timely segregated.” She was informed that someone would notify her when the public records were available and at what cost, if applicable. And, in the event that any documents were segregated or redacted, they would provide the legal basis for the exemptions. She was informed that her request in its present form was burdensome. And, alternatively, she may narrow the scope of her request, in writing, in order to render the public records she sought more readily identifiable.
 

 On October 12, 2010, Ms. Vandenweghe filed a petition for a writ of mandamus. The Parish filed peremptory, declinatory, and dilatory exceptions. In the rulings pertinent to this appeal, the Parish urged: (1) Steve Theriot, in his capacity as chief administrative officer, was not the custodian of the alleged public records. Therefore, the court lacked personal jurisdiction over him. (2) Ms. Vandenweghe had no right of action because she was not allowed to waive or disclose privileged/work prod
 
 *54
 
 uct e-mail correspondence that she wrote or received |4in her capacity as a parish attorney. (3) Ms. Vandenweghe had no cause of action for a writ of mandamus. The Parish argued that Ms. Vandenweghe did not state a cause of action for a writ of mandamus because there was an element of discretion in segregating privileged information from the voluminous e-mails and attachments. (4) Ms. Vandenweghe had no cause of action because privileged information is exempt from public records disclosure. The trial judge sustained the exception of lack of personal jurisdiction as to Mr. Theriot, dismissing Mr. Theriot from the suit; sustained the exception of no right of action; and, sustained the exception of no cause of action, dismissing the petition for a writ of mandamus.
 

 Mandamus/Custodian
 

 La.R.S. 44:35 authorizes a mandamus proceeding when any person
 
 [3]
 
 has been denied the right to inspect or copy a record under the provisions of the Public Records Law. It pertinently provides:
 

 A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney’s fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
 

 B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from .the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.
 

 |fiThe statute confers upon the court jurisdiction to enjoin a specific entity: the custodian. The Parish asserted that the court lacked jurisdiction under R.S. 14:35(B) to enjoin Mr. Theriot because he is not the custodian.
 

 Ms. Vandenweghe asserts that the Parish mislabeled the exception; it should have been labeled as a lack of procedural capacity, a dilatory exception, La.C.C.P. art. 926(A)(6). The defendants, however, styled the exception as a lack of personal jurisdiction as well as an exception to jurisdiction under La.R.S. 14:35(B). The Parish challenged Mr. Theriot’s capacity to be sued as the custodian. In contrast, the declinatory exception of lack of personal jurisdiction, La.C.C.P. art. 6, provides specific requirements for the court’s exercise of personal jurisdiction,
 
 [4]
 
 which the Parish did not challenge.
 

 
 *55
 
 Although styled as an exception of lack of personal jurisdiction, the exception is more properly an exception of lack of procedural capacity. Accordingly, because every pleading shall be so construed as to do substantial justice, La.C.C.P. art. 865, we shall construe the exception of lack of personal jurisdiction as an exception of lack of procedural capacity.
 
 See: Williams v. Mumphrey,
 
 95-643, p. 3 (La.App. 5 Cir. 1/30/96), 668 So.2d 1274, 1276,
 
 writ not considered,
 
 96-0569 (La.3/29/96), 670 So.2d 1240.
 

 We now turn to a determination of whether the trial court erred in finding that Mr. Theriot lacked the procedural capacity to be sued as the custodian.
 

 The public records request, which was introduced at the hearing, was a form inquiry directed to the Parish rather than a specific person. The Parish asserted below that Mr. Theriot, who was no longer the interim Parish President, was not | fithe custodian. In order to proceed with mandamus relief, however, the court can only exercise jurisdiction over the custodian.
 

 La.R.S. 44:1(A)(3) defines “custodian” as “the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records.”
 

 For someone who asserts that he is not the custodian, the Public Records Law mandates a specific statutory procedure. A non-custodian must comply with La.R.S. 44:34, which states:
 

 If any public record applied for by any authorized person is not in the custody or control of the person to whom the application is made, such person shall promptly certify this in writing to the applicant, and shall in the certificate state in detail to the best of his knowledge and belief, the reason for the absence of the record from his custody or control, its location, what person then has custody of the record and the manner and method in which, and the exact time at which it was taken from his custody or control. He shall include in the certificate ample and detailed answers to inquiries of the applicant which may facilitate the exercise of the right granted by this Chapter.
 

 Here, the record does not confirm, that the trial court conducted a full evidentiary-hearing at which evidence relating to the relevant factors under La.R.S. 44:34 was presented. Given this lacuna in the record, we cannot determine the proper custodian. In the interest of justice, we therefore vacate the judgment sustaining the exception of lack of procedural capacity and remand this matter for a full hearing in order to satisfy the mandated requirements of La. R.S. 44:34.
 

 Although we have determined that La. R.S. 44:34’s mandated requirements were not followed here, we observe that the judgment sustaining the exception to lack of procedural capacity should have allowed Ms. Vandenweghe leave to amend her petition so as to remove the objection if possible. As set forth in La.C.C.P. art. 17933(B), when the grounds of the objection pleaded in the dilatory exception may be removed by amendment of the petition or other action of the plaintiff, “the judgment, sustaining the exception shall order the plaintiff to remove them within the delay
 
 *56
 
 allowed by the court.” La.C.C.P. art. 933(B). If the grounds of the objection cannot be removed or, if the plaintiff fails to comply with an order requiring such removal within the delay allowed by the court, the claim or issue material to the exception is subject to dismissal. La. C.C.P. art. 933(B). Therefore, on remand, we instruct the trial judge, that in ruling anew, should he sustain the exception, he should allow Ms. Vandenweghe leave to amend her petition so as to remove the objection if possible by naming the proper defendant, the custodian, as defined by La.R.S. 44:1(A)(3).
 

 No Right of Action
 

 Ms. Vandenweghe filed a petition for mandamus seeking to enforce the Public Records Law. She alleged that she filed a formal written public records request seeking e-mails and attachments generated by her or sent to her by others in the course and scope of her employment as Assistant Parish Attorney. The Parish filed an exception of no right of action on the basis that Ms. Vandenweghe, as an attorney on behalf of Jefferson Parish, was not allowed to waive the Parish’s attorney-client privilege or work product privilege. Therefore, according to the Parish, Ms. Vandenweghe has no right to obtain these records and potentially disclose privileged information relating to her representation of the Parish.
 

 An action can only be brought by a person having a real and actual interest which he asserts.
 
 La. Paddlewheels v. La. Riverboat Gaming,
 
 94-2015 (La.11/30/94), 646 So.2d 885, 888 citing La.C.C.P. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action.
 
 Id.,
 
 citing La.C.C.P. art. 927(5). The function of the exception of no right of faction is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit.
 
 Id.
 
 (Citation omitted). The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation.
 
 Id.
 
 (Footnote omitted).
 

 It is well-settled that the public’s right of access to public records is a fundamental right guaranteed by both the Louisiana Constitution and the Public Records Law set forth in La. R.S. 44:1
 
 et seq. Times Picayune Pub. Corp. v. Board of Sup’rs of Louisiana State University,
 
 02-2551, p. 6 (La.App. 1 Cir. 5/9/03), 845 So.2d 599, 605,
 
 writ denied,
 
 03-1589 (La.9/5/03), 852 So.2d 1044.
 

 La. Const, art. 12, § 3 states that “no person shall be denied the right to ... examine public documents, except in cases established by law.”
 
 [5]
 

 In
 
 Title Research Corp. v. Rausch,
 
 450 So.2d 933, 936 (La.1984), the Louisiana Supreme Court held:
 

 The right of the public to have access to the public records is a fundamental right, and is guaranteed by the constitution. La. Const, art. 12, § 3. The provision of the constitution must be construed liberally in favor of free and unrestricted access to the records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise.
 
 Id.
 
 Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public’s right to see. To allow otherwise would be an improper and arbitrary restriction on the public’s constitutional rights.
 

 
 *57
 
 The Public Records Law, which is liberally construed, clearly provides that “any person”
 
 [6]
 
 who has been denied the right to inspect or copy a record under the provisions of the public records law, has a right of action to proceed with a mandamus following a final determination of the custodian or the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of 19his request without receiving a final determination in writing by the custodian. La.R.S. 44:35. Moreover, La.R.S. 44:32(A) provides that “[t]he custodian shall present any public record to any person of the age of majority who so requests.”
 

 Although the Parish timely responded to Ms. Vandenweghe’s request, it did not thereafter within the five days allowed by law provide access to alleged requested public documents. Therefore, Ms. Vande-nweghe, as the person who requested access to the documents at issue has a right to bring a suit for enforcement of the Public Records Law.
 
 See: Red Stick Studio Development, L.L.C. v. State ex rel. Dept, of Economic Development,
 
 09-1349, p. 7 (La.App. 1 Cir. 4/8/10), 37 So.3d 1029, 1035,
 
 writ denied,
 
 10-1501 (La.10/1/10), 45 So.3d 1102. Ms. Vandenweghe fell within the ambit of “any person”
 
 [7]
 
 for purposes of filing a writ of mandamus under La.R.S. 44:35. Thus, the trial judge erred in sustaining the exception of no right of action.
 

 Accordingly, we reverse the judgment sustaining the exception of no right of action.
 

 No Cause of Action
 

 The Parish filed an exception of no cause of action asserting that in light of the facts of this case, mandamus is an inappropriate remedy. In this regard, the Parish argued that the duty in this case is discretionary and mandamus may not issue to compel performance of an act which contains any element of discretion, however slight. Rather, a writ of mandamus may only be issued to compel the performance of the ministerial duty required by law. In this regard, the Parish asserts that the records contain attorney-client privileged information and/or work product. Therefore, there would be a significant degree of discretion exercised by the custodian in segregating or redacting the information that is excepted by the | mPublic Records Law. The Parish also argues that there is a reasonable expectation of privacy concerning the privileged emails, yet another basis for its exercise of discretion.
 

 The Parish argues on appeal that Ms. Vandenweghe has abandoned this alleged error by failing to brief the issue. However, Mr. Vandenweghe, under her designated “assignments of Error,” asks this Court to “conduct a
 
 de novo
 
 review and reverse the plainly wrong ruling that the plaintiff/appellant does not have a cause or right of action to seek compliance with the Public Records Laws.” In her discussion combining the exceptions of no cause of action and no right of action, she briefs the issue raised by the Parish concerning the alleged discretion regarding privileged communications. Thus, we conclude that Ms. Vandenweghe has not abandoned the issue.
 

 La.R.S. 44:4.1(C), upon which the Parish relies, provides the following exception to the laws pertaining to public records:
 

 The provisions of this Chapter shall not apply to any writings, records, or other accounts that reflect the mental impressions, conclusions, opinions, or theories of an attorney or an expert, obtained or
 
 *58
 
 prepared in anticipation of litigation or in preparation for trial.
 

 The custodian has a duty to segregate public records from other records. Association
 
 for Rights of Citizens, Inc. v. Parish of St. Bernard,
 
 557 So.2d 714, 717 (La.App. 4 Cir.1990), citing La.R.S. 44:33(A)(1).
 

 La.R.S. 44:33(A)(1) provides:
 

 When a request is made for a public record to which the public is entitled, the official, clerks of court and the custodian of notarial records in and for the parish of Orleans excepted, who has responsibility for the record shall have the record segregated from other records under his custody so that the public can reasonably view the record.
 

 If segregation would be unreasonably burdensome or expensive, then the custodian must state this in writing, as did the Parish in this case. La.R.S. 44:33(A)(2) provides:
 

 If, however, segregating the record would be unreasonably burdensome or expensive, or if the record requested is maintained in a fashion that makes it readily identifiable and renders further segregation unnecessary, the official shall so state in writing and shall state the location of the requested record.
 

 Those portions deemed nonpublic must be separated prior to the public release of the record. La. R.S. 44:32(B) states:
 

 If any record contains material which is not a public record; the custodian may separate the nonpublic record and make the public record available for examination.
 

 La.C.C.P. art. 3863 provides that a writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. A writ of mandamus is not an appropriate procedure where there is an element of discretion left to the public officer.
 
 Schmill v. St. Charles Parish,
 
 96-894, p. 11 (La.App. 5 Cir. 3/12/97), 692 So.2d 1161, 1166.
 

 However, La. R.S. 44:31(B)(3) provides that the burden of proving that a public record is not subject to inspection, copying or reproduction shall rest with the custodian.
 
 [8]
 

 Times Picayune Pub. Corp. v. Board of Sup’rs of Louisiana State University, supra,
 
 at 8, 845 So.2d at 605. The mere fact that the public record requested may contain nonpublic material is not a valid reason for restricting access to that record.
 
 Id.
 
 at 6, 845 So.2d at 605-606 (citation omitted). Rather, when a record contains material which is not a public record, the custodian may separate the nonpublic record and make only the public record available for examination.
 
 Id.,
 
 citing La. R.S. 44:32(B).
 

 Simply because material requested may contain nonpublic records is not a reason for restricting access.
 
 Elliott v. District Attorney of Baton Rouge,
 
 94-1804 (La.App. 1 Cir. 9/14/95), 664 So.2d 122, 126,
 
 writ denied,
 
 95-2509 (La.12/15/95), 664 So.2d 440.
 

 Although the examination of records or requests for reproduction cannot be so burdensome as to interfere with the operation of the custodian’s constitutional and legal duties, any restriction or limitation imposed by the custodian places the burden on the custodian to justify the restriction or limitation.
 
 Id.
 

 Also, the Public Records Law, La.R.S. 44:35, provides for a writ of mandamus, which authorizes the trial court, in that proceeding to conduct an in camera review of the documents in controversy as follows:
 

 
 *59
 
 In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.
 

 La.R.S. 44:35(B).
 

 By so crafting the statute, the legislature made clear that the court, not the public body, is to be the ultimate arbiter of the privilege. Through an in camera review, the court can determine whether the e-mails contain exempt information under La.R.S. 44:4.1(C) or whether the release would violate the constitutional right to privacy. Then the trial court, mindful that there is no discretion in ordering the release of public records, has the authority to issue a writ of mandamus for what he determines on in camera review to be public records. Thus, mandamus, which under the Public Records Law, has a specific procedure in place to 11sdetermine the nature of the requested items, is an appropriate remedy for ordering the release of public records.
 

 The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition.
 
 Cleco Corp. v. Johnson,
 
 01-0175, p. 3 (La.9/18/01), 795 So.2d 302, 304. The exception is tried on the face of the pleadings and the court accepts the facts alleged in the petition as true, determining whether the law affords relief to the plaintiff if those facts are proved at trial.
 
 Id.
 
 In reviewing a trial court’s ruling sustaining an exception of no cause of action, the court of appeal and this court should subject the case to de novo review because the exception raises a question of law, and the lower court’s decision is based only on the sufficiency of the petition.
 
 Id.
 
 (Citations omitted). No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931.
 

 In
 
 Alliance for Affordable Energy v. Frick,
 
 96-1763 (La.App. 4 Cir. 5/28/97), 695 So.2d 1126, 1136, the court held that whether a public record is exempt from disclosure may be determined in the mandamus proceeding.
 
 Frick
 
 explained:
 

 Whether an exemption from disclosure exists (and thus whether mandamus is proper) may be determined in the mandamus proceeding through a contradictory hearing.... See La.C.C.P. art. 3865 which provides that in a mandamus proceeding the court shall issue an alternative writ directing the defendant to perform the act demanded or to show cause to the contrary. See also
 
 Marler v. Reed,
 
 93-1772 (La.App. 1 Cir. 6/24/94), 638 So.2d 1164, which held that the Public Records Act and Code of Civil Procedure articles governing mandamus envision a contradictory hearing to determine whether the requested documents are public records.
 

 695 So.2d at 1132.
 
 Compare: Association for Rights of Citizens, Inc. v. Parish of St. Bernard, et. al,
 
 557 So.2d 714, 716 (La.App. 4 Cir.1990) (appellate court ordered writ of mandamus directing ap-pellees to make available nonconfiden-tial information pursuant to Public Records Law).
 

 Given that the Public Records Law and the Code of Civil Procedure articles governing mandamus envision a contradictory hearing to determine whether the request
 
 *60
 
 ed documents are public records and The Public Records Law imposes upon the custodian the burden of establishing any exception or exemption, the trial judge erred in sustaining the exception of no cause of action.
 

 Therefore, we reverse the judgment sustaining the exception of no cause of action.
 

 Decree
 

 Accordingly, for the reasons stated, the judgment sustaining the exception of lack of procedural capacity as to Mr. Theriot is vacated. The judgment sustaining the exceptions of no right of action and no cause of action are reversed. This matter is remanded for further proceedings consistent with the views expressed herein.
 

 REVERSED IN PART; VACATED IN PART; REMANDED.
 

 [1]
 

 . These parties are: The Parish of Jefferson, Steve Theriot, in his capacity as chief administrative officer, Eula Lopez, in her capacity as chief custodian of public records for the Parish of Jefferson, and Greg Giangrosso in his capacity as Assistant Parish Attorney and agent for custodian of public records for the Parish of Jefferson.
 

 [2]
 

 . The appellees assert that Ms. Vandenweghe has abandoned the specification that the trial court erred in sustaining the exception of no cause of action. We note, however, that in her brief, Ms. Vandenweghe discussed the exception of no cause of action with no right of action in combination.
 

 [3]
 

 . There is an exception, not pertinent here, to "any person” applicable to "an individual in custody after sentence following a felony conviction who has exhausted his appellate remedies when the request for public records is not limited to grounds upon which the individual could file for post conviction relief under Code of Criminal Procedure Article 930.3.” La.R.S. 44:31.1.
 

 [4]
 

 . These requirements are: (1) appropriate service of process on the defendant, or on his agent for the service of process, or the express waiver of citation and service under Article 1201; (2) service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; (3) submission of the party to the
 
 *55
 
 jurisdiction of the court by commencing an action or by the waiver of objection to jurisdiction by failure to timely file the declinatory exception. La.C.C.P. art. 6(A)(l)-(3). In addition, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and with the Constitution of the United States. La.C.C.P. art. 6(B).
 

 [5]
 

 .
 
 See,
 
 note 3,
 
 infra
 
 for an exception not applicable here. La.R.S. 44:31.1.
 

 [6]
 

 .
 
 See
 
 note 3,
 
 infra.
 

 [7]
 

 .
 
 See
 
 note 3,
 
 infra.
 

 [8]
 

 . La.R.S. 44:31(B)(3) states: "The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian.”